THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HERMAN L. BROWN, Defendant-Appellant.

(No. 74-115; ■■■■■■■■■

Second District (2nd Division)—August 25, 1975.

Ralph Ruebner, of State Appellate Defender's Office of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Clarence Wittenstrom, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant, Herman L. Brown, was indicted by the Kane County Grand Jury on counts of aggravated kidnapping, rape, and armed robbery. He was found guilty as to all three offenses at a jury trial. He was sentenced to three consecutive terms of 7 to 15 years in prison. On appeal defendant contends that it was improper to convict him for both aggravated kidnapping and rape, that it was improper to impose consecutive sentences for each of the three offenses, that the aggregate minimum term of his consecutive sentences is greater than allowed by the Unified Code of Corrections and that the sentences given were excessive.

On January 6, 1973, at about 2 a.m., complainant was accosted by a man with a knife who said, "I'm going to fuck you, bitch," who then forced her into a car, kicking her legs and hitting her in the face. Once in the car he continued to hit her in the face, 12 to 15 times. He ordered her to stay down in the back seat, got into the front seat and drove away, holding a butcher knife over the back of the seat. The man drove for less than half an hour, then stopped the car, got into the back seat and raped the complainant. Then the man returned to the front seat and went through her purse and took some money. He then let the complainant go. She walked to her apartment and telephoned the police. In court, the complainant identified defendant. She had earlier described him to the police.

■■ Defendant was properly convicted of both aggravated kidnapping and rape. *People v. Canale*, 52 Ill.2d 107; *People v. Pardue*, 6 Ill.App.3d 430. See also *People v. Moore*, 51 Ill.2d 79.

Regarding the argument as to improper imposition of consecutive sentences, section 5—8—4(a) of the Unified Code of Corrections states in relevant part:

"The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective." Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(a).

Clearly there was a "substantial change in the nature of the criminal objective" here regarding the armed robbery. Defendant had completed the rape and then went through the victim's purse and took some money. The criminal objective changed from raping the victim to robbing her. See *People v. Walker,* 2 Ill.App.3d 1026.

■■ However, consecutive sentences were not possible for the rape and aggravated kidnapping convictions. The kidnapping here was done in order to effectuate the rape. The criminal objective was to rape the victim, so there was no change in the nature of the criminal objective. Section 5—8—4(a) of the Unified Code of Corrections only allows consecutive sentences where one is convicted of two or more offenses which were not a part of the same *course* of conduct *and* where there was a change in the nature of the criminal objective. See *People v. Mackins,* 17 Ill.App. 3d 24, 47; 1973 U.Ill.L.F. 423.

Thus, there must be concurrent sentences for the aggravated kidnapping and rape convictions herein, and a consecutive sentence on the armed robbery conviction.

■■ However, the minimum term of the sentences must be reduced. At the time of sentencing in the instant case, the applicable statute was as follows:

"The aggregate minimum period of consecutive sentences shall not exceed twice the lowest minimum term authorized under Section 5—8—1 for the most serious felony involved." (Ill. Rev. Stat., 1973 Supp., ch. 38, par. 1005—8—4(c).)

Under section 5—8—1 the minimum term for the most serious felony, rape, is 4 years. Thus, the maximum aggregate minimum of the consecutive sentences may not be more than 8 years. We therefore reduce the sentences to concurrent terms of 4 to 15 years each for aggravated kidnapping and rape, and a consecutive term of 4 to 15 years for armed robbery. See *People v. Scott,* 20 Ill.App.3d 880, 886.

The trial judge by statute is vested with discretion in setting the minimum and maximum terms of imprisonment and in sentencing consecutively. (Ill. Rev. Stat. 1973, ch. 38, pars. 1005—8—1, 1005—8—4(b).) While an appellate court may reduce a sentence given by the trial court (Ill. Rev. Stat. 1973, ch. 110A, par. 615(b)(4)),

"\* \* \* such authority should be applied with considerable caution and circumspection, for the trial judge ordinarily has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed than do the appellate tribunals." *People v. Taylor,* 33 Ill.2d 417, 424.

Given the severe beating defendant gave the victim in the instant case, the fact that he used a butcher knife to compel the victim to submit, and prior convictions for aggravated assault and battery, we cannot say that the sentences given (as modified by this decision) were excessive. The record does not warrant any further reduction. See *People v. Malcom,* 14 Ill.App.3d 378; *People v. Morgan,* 14 Ill.App.3d 232.

For the foregoing reasons, the sentences are modified as expressed above. In all other respects, the judgment of the Circuit Court of Kane County is affirmed.

Judgments affirmed as modified.

RECHENMACHER, P. J., and T. MORAN, J., concur.