THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
EDDIE WILLIS, Defendant-Appellant.

Fourth District   No. 4—89—0798

Opinion filed October 18, 1990.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

Defendant Eddie Willis was convicted of two separate counts of aggravated battery (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(b)(6)) and (attempt) escape (Ill. Rev. Stat. 1987, ch. 38, pars. 31—6(a), 8—4(a)) and was sentenced to five years' imprisonment for the offenses of aggravated battery and five years' imprisonment for the offense of (attempt) escape. The trial court ordered the term of imprisonment for the offense of (attempt) escape to run consecutive with the other terms. The trial court also ordered the sentences to be served consecutively with the penalty imposed in case No. 88—CF—126. Defendant appeals, alleging the State failed to prove defendant guilty beyond a reasonable doubt of (attempt) escape and the trial court erred in ordering him to serve a consecutive sentence for the offense of (attempt) escape. We affirm in part and vacate in part.

Defendant's convictions stem from an incident occurring in the Vermilion County jail in which defendant was incarcerated pending charges of retail theft in case No. 88—CF—126. Tom Rice, a correctional officer at the jail, testified on November 9, 1988, he was in uniform and working on the fourth floor of the Vermilion County jail. Officer Rice explained the fourth floor of the jail was the regular quarters

for adult male inmates and the only way to exit the jail from the fourth floor was by an elevator which required a key to operate.

Officer Rice stated defendant was an inmate on November 9, 1988, in an isolation cell. At 11 a.m. that day, lunch was served to the inmates. Later, Officer Rice assumed the duty of picking up food trays which were to be slid through slots in the cell doors. When Rice approached defendant's cell, defendant stated he was not finished eating. Rice continued to pick up other trays and then returned to defendant's cell. Defendant stated he would not return his tray until he talked to Lieutenant Morgan. Rice explained to defendant Lieutenant Morgan was out of town and would not be back until the afternoon.

Rice stated defendant still refused to give up his food tray and Rice returned to the control room to ask Officer Thomason for assistance. Thomason and Rice returned to defendant's cell and opened the cell door. Defendant had spilled some lettuce on the floor and said he had to pick it up. Defendant stooped down to pick up the lettuce and was putting it on the tray when suddenly he turned and hit Officer Thomason in the face with the tray. Thomason fell backwards, and Rice tried to gain control of defendant. Defendant struck Rice in the side of the face and chest, knocking him into the wall. Officer Thomason again tried to get defendant back into his cell as defendant kicked and swung at him. Defendant ran out of his cell.

Officer Thomason went to the control area to call for help. Rice again tried to locate defendant, at which point Rice noticed some people coming off the elevator. Rice saw defendant run by the control room and then jump into the air as if giving a karate kick. When Rice walked toward the area he saw several officers, including Deputy Sergeant DeBarba, Sergeant Hamer, and the sheriff, had defendant under control.

Rice described his injuries as abrasions to the right forearm and elbow, swelling of the wrist and right hand, and a bruise on the lower part of his neck. As a result of his neck injury, Rice has suffered some disabilities and has not been able to return to work. Rice will require surgery in an attempt to correct the neck injury.

Officer Leon Thomason testified, substantiating the testimony of Officer Rice. Thomason added he was attacked twice by defendant. On the second occasion, defendant had run out of the cell and into the control room, where he grabbed Thomason's radio. He hit Thomason in the side of the head with the radio and started kicking him in the side. Thomason stated his injuries included scrapes on his head, back, and elbow.

Sheriff Gene Hughes responded to a radio call for assistance on

the fourth floor of the jail. Hughes was accompanied in the elevator by Deputy Sergeant DeBarba and Sergeant Hamer. Just as Hughes got off the elevator, he heard someone yelling and saw feet coming at his face. His glasses were knocked off and he fell to the floor. Sheriff Hughes helped to secure defendant, who had been restrained by Hamer and DeBarba. Hamer and DeBarba substantiated the sheriff's testimony.

Defendant testified he had been incarcerated in the Vermilion County jail since June 14, 1988. Defendant was placed in isolation on October 2, 1988, because of a dispute over the use of the telephone. Defendant testified after being in isolation he complained to the officers about insects in his cell. Defendant testified his complaints regarding the insects were not taken seriously. Defendant stated he was not released to eat his meals and was not given an exercise period. He did not have access to radio or television. Defendant described his epileptic seizures and his medication.

Regarding the incident on November 9, defendant stated Officers Rice and Thomason had gone into his cell to get his food tray. Defendant stated he was so nervous he dropped the tray on the floor. When he bent down to pick up the food, Thomason said, "Stupid, asshole nigger," and then kneed defendant in the head. Defendant stated the next thing he remembered was lying on the floor with several officers holding him down.

■■ ■ In order to convict defendant of (attempt) escape, the evidence must show defendant intended to commit the specific offense of escape and defendant took a substantial step toward the commission of that offense. (Ill. Rev. Stat. 1987, ch. 38, pars. 31—6(a), 8—4(a).) A defendant's intent does not have to be expressed but can be inferred from the defendant's actions or surrounding circumstances. (*People v. Terrell* (1984), 99 Ill. 2d 427, 459 N.E.2d 1337.) It is not a defense to the charge of attempt that because of a misapprehension of circumstances it would have been impossible for the accused to commit the offense attempted. (Ill. Rev. Stat. 1987, ch. 38, par. 8—4(b).) Each attempt case must be decided upon its own unique facts. *People v. Brown* (1979), 75 Ill. App. 3d 503, 394 N.E.2d 63.

■■ Here, it is clear defendant performed a substantial step toward the commission of the crime of escape and defendant did so with the intent to commit such crime. Defendant caused Officers Rice and Thomason to unlock and enter his cell. Defendant then used the pretense of picking up spilt food to attack the officers and escape from his cell. Defendant ran past the control room, and at some point was in the control room. He also ran to the elevator. Defendant attacked addi-

tional officers who attempted to subdue him. Defendant did not stop his pursuits until physically restrained. The evidence was more than sufficient to prove the offense charged.

Defendant contends the trial court erred in sentencing him to a consecutive term of imprisonment for the offense of (attempt) escape. Defendant contends his conduct of attacking the officers and attempting to escape were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective. Accordingly, defendant contends the requirements of section 5—8—4(a) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(a)) have not been met.

The imposition of consecutive terms of imprisonment is governed by section 5—8—4 of the Code, which provides in pertinent part:

"(a) When multiple sentences of imprisonment are imposed on a defendant at the same time, or when a term of imprisonment is imposed on a defendant who is already subject to sentence in this State or in another state, or for a sentence imposed by any district court of the United States, the sentences shall run concurrently or consecutively as determined by the court. When a term of imprisonment is imposed on a defendant by an Illinois circuit court and the defendant is subsequently sentenced to a term of imprisonment by another state or by a district court of the United States, the Illinois circuit court which imposed the sentence may order that the Illinois sentence be made concurrent with the sentence imposed by the other state or district court of the United States. The defendant must apply to the circuit court within 30 days after the defendant's sentence imposed by the other state or district of the United States is finalized. The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or where the defendant was convicted of a violation of Section 12—13 or 12—14 of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively. Sentences shall run concurrently unless otherwise specified by the court.

(b) The court shall not impose a consecutive sentence except as provided for in subsection (a) unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term

is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record." Ill. Rev. Stat. 1987, ch. 38, pars. 1005—8—4(a), (b).

■ A statute which is unambiguously worded must be enforced according to the plain meaning of its language. (*In re Estate of Donnelly* (1983), 111 Ill. App. 3d 1035, 445 N.E.2d 49.) The plain language of section 5—8—4 authorizes imposition of a consecutive sentence in cases not involving Class X or Class 1 felonies and not involving severe bodily injury *if* there has been a substantial change in the nature of the criminal objective *and* the court finds a consecutive sentence is required to protect the public from further criminal conduct by the defendant. *People v. Paino* (1985), 137 Ill. App. 3d 645, 484 N.E.2d 1106.

Here, the trial court sentenced defendant to a consecutive term relying solely on section 5—8—4(b) of the Code. In doing so, the trial court found a consecutive sentence was necessary to protect the public from further criminal conduct by defendant. The trial court made no finding regarding the requirement of section 5—8—4(a) that the offenses cannot be part of a single course of conduct during which there was no substantial change in the nature of the criminal objective.

■ The term "conduct" refers to an act or series of acts and the accompanying mental state. (Ill. Rev. Stat. 1987, ch. 38, par. 2—4.) Accordingly, here, the imposition of consecutive sentences depends upon both the existence of separate acts and separate motivation behind those acts. (*Paino*, 137 Ill. App. 3d at 652, 484 N.E.2d at 1111; *People v. Perruquet* (1983), 118 Ill. App. 3d 293, 454 N.E.2d 1055.) Defendant's acts of aggravated battery against Officers Rice and Thomason and his attempted escape from jail were not separate acts accompanied by separate motivations. The information charging defendant with (attempt) escape alleged the battery upon Officers Rice and Thomason was a substantial step toward the commission of an escape. Moreover, this was the State's theory of the case at trial.

■ The trial court erred in sentencing defendant to a consecutive term for the offense of (attempt) escape. Though we uphold defendant's convictions, we vacate the imposition of a consecutive sentence for the offense of (attempt) escape. Defendant's term of imprisonment for the offense of (attempt) escape shall be served concurrently with his sentences for the offenses of aggravated battery.

Affirmed in part; vacated in part.

STEIGMANN and McCULLOUGH, JJ., concur.