THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RICHARD A. LAFFERTY, Defendant-Appellant.

Fourth District    No. 4—90—0247

Opinion filed December 20, 1990.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, and Amy Keil Schmidt, Law School Graduate, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On February 17, 1990, following a jury trial in the circuit court of Champaign County, defendant Richard A. Lafferty was convicted of

two counts of aggravated criminal sexual assault. He was subsequently sentenced to terms of eight years' imprisonment for each offense, with the terms to run consecutively. On appeal, defendant maintains (1) he was improperly sentenced to consecutive terms, because both offenses arose from the same episode or transaction; and (2) the trial court abused its discretion in sentencing him to consecutive terms, because he was a first offender and suffered from a diminished mental capacity. We affirm.

Defendant was charged with two counts of aggravated criminal sexual assault. The first charge indicated defendant had committed an act of sexual penetration in that he "placed his penis in the anus of B.J.W." The second charge alleged defendant had committed an act of sexual penetration in that he "placed his finger in the anus of B.J.W." The victim was alleged to be five years old. Defendant argues that since both offenses occurred on the same day, in the same place, and at the same time, the sentences should run concurrently.

Defendant notes the supreme court recently held that only concurrent sentences could be imposed where a defendant is prosecuted for more than one offense arising out of one episode. (*People v. Segara* (1988), 126 Ill. 2d 70, 77, 533 N.E.2d 802, 805.) The court there said, "in view of [*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838], the sentences [for multiple acts of sexual assault] can only run concurrently and, as such, there is no enhancement-of-penalty claim and no double jeopardy claim." *Segara*, 126 Ill. 2d at 78, 533 N.E.2d at 806.

Defendant recognizes that section 5—8—4(a) of the Unified Code of Corrections provides for consecutive sentences where a defendant is convicted of multiple violations of sections 12—13 or 12—14 of the Criminal Code of 1961 (Code), which provided for the offenses of which defendant was convicted. He maintains, however, that the trial court incorrectly determined this statute *required* consecutive sentences.

■ Section 5—8—4(a) was modified, effective July 1, 1988, however, to indicate "where the defendant was convicted of a violation of Section 12—13 or 12—14 *** the court *shall* enter sentences to run consecutively." (Emphasis added.) (Pub. Act 85—1030, §3, eff. July 1, 1988 (Ill. Rev. Stat., 1988 Supp., ch. 38, par. 1005—8—4(a)).) Defendant's convictions were both violations of section 12—14, thus, it is clear consecutive sentences were mandatory under section 5—8—4(a). The amendment to the statute, subsequent to *Segara*, constitutes a more recent expression of legislative intent and establishes a new rule. *Schlenz v. Castle* (1980), 80 Ill. App. 3d 1131, 1135, 400 N.E.2d 753, 756.

In sentencing defendant, the trial court noted the effect of this section on the defendant's case. The court considered the language in the statute to mandate consecutive sentences and said if it were not for the specific language, the defendant would be entitled to concurrent sentences. The plain language of section 5—8—4(a) creates an exception to the general ban against consecutive sentences for violations of section 12—14 of the Code.

In *People v. Buford* (1988), 178 Ill. App. 3d 329, 533 N.E.2d 472, the defendant was convicted of a Class X felony where the victim was severely injured. The defendant there argued that despite the language of section 5—8—4(a), consecutive sentences were improperly imposed, because the acts underlying his convictions were undertaken for the same objective and occurred at the same place and time. The court, citing section 5—8—4(a), noted:

> "[C]onsecutive sentencing is proper if a defendant has been convicted of a Class X felony and if he had inflicted severe bodily injury during commission of the felony, regardless of whether defendant's criminal objective remained unchanged throughout the incident." *Buford*, 178 Ill. App. 3d at 338, 533 N.E.2d at 478.

■ Here, although this case involves a violation of section 12—14 rather than a Class X felony, the reasoning is the same. Even though defendant's actions were the result of one criminal objective that remained unchanged throughout the incident, the trial court properly imposed consecutive sentences.

Defendant next argues the trial court abused its discretion in sentencing him to consecutive terms of imprisonment, in excess of the minimum, where the record showed he was a first offender and suffered from a diminished mental capacity. However, section 5—8—4(a) of the Unified Code of Corrections required the imposition of consecutive sentences. As we further explain, the imposition of a minimum sentence as to each conviction was not required.

The record shows the trial court considered the fact that defendant was a "person of limited intelligence." The court noted, however, that his intelligence was not so limited as to provide a defense to the criminal conduct of which he was convicted. The court said it was considering his mental capacity, together with all other appropriate factors in mitigation and aggravation.

■ In addition, the court expressly noted defendant's lack of prior history of criminality and delinquency. Although defendant argues the court must have ignored these factors in imposing sentences in excess of the minimum, we note the court is not required to specifi-

cally assign a weight to each factor which influenced its decision. (*People v. Crews* (1989), 191 Ill. App. 3d 228, 236, 547 N.E.2d 580, 586.) Neither defendant's status as a first offender nor his age and mental capacity required the court to impose the six-year minimum term of imprisonment. (*People v. Tatum* (1989), 181 Ill. App. 3d 821, 826, 537 N.E.2d 875, 878.) The imposition of consecutive eight-year terms of imprisonment was within the trial court's discretion.

Accordingly, for the reasons stated, the decision of the trial court is affirmed.

Affirmed.

STEIGMANN and KNECHT, JJ., concur.