(No. 70934

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. GIRVIES DAVIS, Appellant.

*Opinion filed September 26, 1991.*

Charles M. Schiedel, Deputy Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

Roland W. Burris, Attorney General, of Springfield (Rosalyn Kaplan, Solicitor General, and Terence M.

Madsen and Douglas K. Smith, Assistant Attorneys General, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Girvies Davis, was convicted of murder in Madison County and was sentenced to death. On direct appeal this court affirmed the conviction, vacated the death sentence, and remanded for further proceedings. (*People v. Davis* (1983), 97 Ill. 2d 1.) In advance of a second capital sentencing hearing the defendant raised an objection, on grounds of double jeopardy, that the State was precluded from attempting to obtain a death sentence a second time for the same conviction. The defendant took an interlocutory appeal from the denial of his motion to dismiss, which was taken directly to this court. This court affirmed and again remanded. (*People v. Davis* (1986), 112 Ill. 2d 78.) Following this second remand, a sentencing hearing was held on November 9, 1988, in the circuit court of Madison County. During this hearing, Assistant State's Attorney Robert Trone, acting on behalf of State's Attorney Dick Allen, attempted to enter into a sentencing agreement with the defendant whereby the State would waive the death penalty and the defendant would agree to a sentence of natural life. The sentencing agreement was refused by the defendant. Subsequently, on November 29, 1988, State's Attorney Allen filed a document with the circuit court requesting a resentencing hearing and stating that the State was waiving its right to request the death penalty and that it would seek a term of natural life. There was no court action on this motion before State's Attorney Allen left office. Thereafter, State's Attorney William Haine assumed office and he decided to seek the death penalty. On August 9, 1988, the defendant filed a *pro se* motion to conduct noncapital sentencing hearings alleging that a

second capital hearing was barred on grounds of double jeopardy and the eighth amendment. The trial court denied the motion. This court granted a direct appeal. 134 Ill. 2d R. 302.

The defendant first argues that State's Attorney Allen's announced decision not to seek the death penalty operates as an acquittal under the double jeopardy clause to bar a subsequent decision to initiate a death penalty hearing. In this court's earlier opinion in the instant case, we found that, while double jeopardy principles do apply to death penalty determinations, only "a determination, either in the trial court or on review, that the defendant was not eligible for the death penalty would have operated as an acquittal of an element essential to a sentence of death." (*People v. Davis* (1986), 112 Ill. 2d 78, 82.) Here, the State correctly points out that since this court's second remand there has been no determination by judge, jury, or appellate court that the defendant was not eligible for the death penalty. Thus, there has been no "acquittal" on the merits of the death sentence issue. In sum, a prosecutor does not act as the sentencing authority. *People v. Brownell* (1980), 79 Ill. 2d 508, 527.

At this point, we note that we have considered our ruling in light of the recent decision in *Lankford v. Idaho* (1991), 500 U.S. ___, 114 L. Ed. 2d 173, 111 S. Ct. 1723. In *Lankford*, prior to the sentencing hearing, the court ordered the State to provide notice whether it would seek the death penalty, and the State responded that it would not. During the sentencing hearing, the death penalty was not discussed as a possible sentence. Argument was heard only as to consecutive or concurrent, and fixed or indeterminate, sentence terms. Upon conclusion of the argument, the trial court sentenced defendant to death. In reversing the sentence, the Court held that the defendant was denied due process of law

due to lack of adequate notice that imposition of the death sentence was a possible result. Such lack "created an impermissible risk that the adversary process may have malfunctioned." (500 U.S. at ___, 114 L. Ed. 2d at 188-89, 111 S. Ct. at 1733.) The instant case is distinguished in that, unlike *Lankford*, defendant Davis was continuously aware of a potential death sentence, and was afforded a defense against same.

The defendant next claims that it would violate the eighth amendment of the United States Constitution to subject him to a second death penalty hearing. (U.S. Const., amend. VIII.) The defendant reasons that, unless some factual circumstance has changed between the prior State's Attorney's decision not to request a death penalty hearing and the successor State's Attorney's decision to request a death penalty hearing, the death penalty would be arbitrary and capricious in its application citing this court's decision in *People v. Walker* (1981), 84 Ill. 2d 512. We disagree.

In *Walker*, the defendant pleaded guilty to murder and was admonished by the trial court that the maximum sentence was 80 years in prison. (*Walker*, 84 Ill. 2d at 523.) This court found that the State's Attorney acquiesced in the trial court's admonishment, thus notifying the defendant that death was not a possible penalty for his crimes. The defendant subsequently withdrew his guilty plea. Thereafter, the defendant again entered a plea of guilty whereupon the same State's Attorney sought and obtained a death sentence. This court held that the State's Attorney, without notice to the defendant, increased the severity of the possible sanction after the defendant had exercised a procedural right in withdrawing his guilty plea. This court found that this sequence of prosecutorial decisions gave an "appearance of vindictiveness" and that the defendant was under the misapprehension that the maximum sentence he could

receive was 80 years in jail. (*Walker*, 84 Ill. 2d at 524-26.) Accordingly, the defendant's death sentence was vacated and the cause was remanded to the circuit court for the imposition of a sentence not greater than 80 years in the penitentiary.

Unlike *Walker*, in the case at bar, no misrepresentations were made to the defendant regarding the maximum sentence he could receive. Further, the subsequent decision to seek the death penalty in this case was based on the prosecutorial discretion of a new State's Attorney. Such scenario raises no *per se* presumption of arbitrariness or capriciousness under eighth amendment analysis nor of the appearance of vindictiveness under *Walker*.

Accordingly, the judgment of the circuit court is affirmed and the cause is remanded for further proceedings consistent with this opinion.

*Affirmed and remanded.*