THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
FREDERICK J. BOLE, JR., Defendant-Appellant.

Second District   No. 2—89—1218

Opinion filed December 30, 1991.

G. Joseph Weller and Ingrid L. Moller, both of State Appellate Defender's Office, of Elgin, for appellant.

Thomas F. Baker, State's Attorney, of Woodstock (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NICKELS delivered the opinion of the court:

Defendant, Frederick Bole, Jr., was indicted in the circuit court of McHenry County on seven counts of criminal sexual assault against his stepdaughter. (Ill. Rev. Stat. 1989, ch. 38, par. 12—13(a)(3).) He subsequently entered a guilty plea to counts I, III, and VI, and the State nol-prossed the other four counts. After a sentencing hearing, defendant was sentenced to 8 years' imprisonment on count VI, 10 years' imprisonment on count I, and 10 years' imprisonment on count III, all terms to run consecutively. Defendant's motion to withdraw his guilty plea or to reduce sentence was denied. On appeal defendant contends that section 5—8—4(a) of the Unified Code of Corrections (Corrections Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a)) is unconstitutional; that his guilty plea was not knowingly and voluntarily made; that he received ineffective assistance of counsel; that he did not commit the offenses in a single course of conduct; and that the sentences are excessive.

At the preliminary hearing, defendant was advised by the trial court that he was indicted for seven separate Class 1 felonies. The court explained that a Class 1 felony was punishable by a sentence of not less than 4 years nor more than 15 years' imprisonment. Defendant was told he could receive consecutive terms of imprisonment. Defendant pleaded not guilty.

Defendant later withdrew his not guilty plea on counts I, III, and VI and entered a plea of guilty to those counts. The State nol-prossed the remaining counts. The State advised the court that it was not asking that the second and third offenses be treated as Class X offenses. (Ill. Rev. Stat. 1989, ch. 38, par. 12—13(b).) The court then admonished defendant pursuant to Supreme Court Rule 402. (134 Ill. 2d R. 402.) The court explained the sentencing range for each Class 1 felony count and fines and informed defendant of mandatory supervised release. Defendant was also told that these were separate offenses and that consecutive terms of imprisonment could be imposed. He was advised that the sentences could be concurrent.

Defendant indicated that he understood these admonishments and that he was voluntarily entering a guilty plea to the three counts. The State presented the factual basis for the charges. If the matter went to trial, evidence and testimony would have been introduced to show that on March 1, 1989, February 27, 1989, and February 22, 1989, defendant knowingly committed an act of sexual penetration by placing his penis into the vagina of his stepdaughter. The victim was under the age of 18 years at the time. The court entered judgment against defendant on each of the three counts.

When the matter came up for sentencing hearing on October 13, 1989, the State informed the defense attorney for the first time that it was seeking three consecutive prison terms under section 5—8—4(a). (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a).) Under this section consecutive prison terms were mandatory. The trial court and the defense attorney never previously advised defendant that if prison terms were imposed, they had to be consecutive. Defendant was eligible for probation under the family-member exception found in section 5—5—3(e) of the Corrections Code as well. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(e).) The defense attorney informed defendant prior to the sentencing hearing commencing that the State was seeking consecutive prison terms.

The State called Reverend Blake Higginbotham, defendant's wife Michelle Bole, defendant's ex-wife Susan Bole, defendant's daughter from a previous marriage, and the victim, defendant's stepdaughter. The victim testified that defendant started having intercourse with

her when she was 11 years old. She was 15 years old at the sentencing hearing. She stated that defendant had sex with her over 100 times. The victim said that defendant fondled her and also had her perform certain sexual acts on defendant whenever the victim's mother left the house and that these incidents occurred several times a week. The victim had attempted suicide mainly by clawing at herself.

Defendant presented the testimony of a psychologist, Dr. Gerald Girdaukas, regarding defendant's prospects for rehabilitation through counseling. Three men from defendant's church, who were co-owners of Cornerstone Waste Systems, testified for defendant. They would provide defendant with a job and a place to live if he received probation. Norbert Selking, a member of the Community Upholding Persons, testified that defendant regularly attended meetings and had been a good influence on other prisoners. Defendant also testified on his own behalf.

The State asked for consecutive, 10-year terms of imprisonment for each conviction. The State pointed out that consecutive terms were mandatory under section 5—8—4(a). It asked the court to consider the psychological harm to the victim and that defendant had abused the victim over 100 times. Defense counsel stressed factors in mitigation and asked for probation. The court then sentenced defendant to consecutive terms of 8, 10 and 10 years' imprisonment pursuant to section 5—8—4(a). Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a).

At the hearing on defendant's motion to withdraw his guilty plea, defendant claimed that the trial court failed to advise defendant that if prison terms were imposed such terms were mandatorily consecutive. He claimed his plea was not knowingly and voluntarily made as a result. The trial court denied defendant's motion finding that it had advised defendant of the possibility of consecutive sentences.

While defendant raises several issues, we find that a determination of his fourth issue is dispositive of most of the other matters raised on appeal. Defendant contends that he was improperly sentenced to mandatory consecutive sentences under section 5—8—4(a) of the Corrections Code (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a)), when the offenses for which he was sentenced were not committed in a "single course of conduct" as required under section 5—8—4(a). Defendant was sentenced to consecutive terms on counts I, III, and VI. Count I charged defendant with a violation of section 12—13(a)(3) of the Criminal Code of 1961 (Criminal Code) when defendant knowingly committed an act of sexual penetration against his stepdaughter

on or about March 1, 1989. Count III charged the same offense except as occurring on or about February 27, 1989. Count VI charged the same offense as counts I and III except as occurring on or about February 22, 1989.

The relevant portion of section 5—8—4(a) provides as follows:

"The court shall not impose consecutive sentences for *offenses which were committed as part of a single course of conduct* during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, *or where the defendant was convicted of a violation of Section 12—13 or 12—14 of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively.*" (Emphasis added.) Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a).

Defendant argues that the three incidents occurred several days apart, separated by intervening circumstances, and can be said to be independently motivated. He claims the offenses are not part of a single course of conduct, and therefore the mandatory consecutive sentence provision of section 5—8—4(a) was not applicable. He asks that his sentence be vacated and the matter remanded for resentencing. In his reply brief defendant acknowledges a recent decision from the Appellate Court, Fourth District, *People v. Ewald* (1991), 210 Ill. App. 3d 7, which would defeat defendant's argument on a different basis. He posits that the construction of the statute applied in *Ewald* is incorrect.

The State does not rely on *People v. Ewald* (1991), 210 Ill. App. 3d 7, in its brief which implicitly contradicts the State's position taken therein. However, the State does rely on *People v. Hough* (1991), 221 Ill. App. 3d 447, which adopted the reasoning in *People v. Ewald* (1991), 210 Ill. App. 3d 7, concerning section 5—8—4(a). The State argues that "course of conduct" implies a range of activity and is not limited to a single incident. It claims that defendant has engaged in a pattern of sexual penetration with his stepdaughter with the same intent each time: gratification of sexual desires. Therefore, defendant engaged in a "single course of conduct" with no substantial change in his criminal objective, and consecutive sentences were mandatorily required.

This issue requires an initial determination of whether the mandatory consecutive sentence portion of section 5—8—4(a) (*People v. Lafferty* (1990), 207 Ill. App. 3d 136) only applies in cases where a conviction for either section 12—13 or 12—14 of the Criminal Code arises

from a "single course of conduct" in which a defendant was convicted of more than one offense. If it is found that this exception only applies where the section 12—13 or 12—14 offense was committed as part of a single course of conduct, the next question is whether the instant defendant's offenses were committed as part of a single course of conduct.

In *People v. Ewald* (1991), 210 Ill. App. 3d 7, the defendant was charged with and convicted of two counts of aggravated criminal sexual assault. One count was committed against one victim individually on one occasion and the other count was committed against another victim on another date. The victims were sisters. The defendant received consecutive sentences for these convictions under section 5—8—4(a) of the Corrections Code. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a).) The defendant argued that the language in the statute could not be read to require consecutive sentences where the defendant was convicted of violations of section 12—14 and the offenses were separate and distinct. He posited that a violation of section 12—13 or 12—14 was only an exception to the rule against imposing consecutive sentences for offenses committed as part of a single course of conduct.

The Appellate Court, Fourth District, found that it was arguably unclear what the legislature intended based solely on the language of section 5—8—4(a). (*Ewald*, 210 Ill. App. 3d at 9. But *cf. Lafferty*, 207 Ill. App. 3d at 138 (wherein the Appellate Court, Fourth District, noted the "plain language of section 5—8—4(a)"); *People v. Willis* (1990), 204 Ill. App. 3d 590, 595 (wherein the same court referred to the "plain language of section 5—8—4").) The *Ewald* court then examined the legislative debates on Public Act 85—1003 which substantively amended section 5—8—4(a) to include violations of section 12—13 or 12—14 and changed the language from "the court *may* enter" to "the court *shall* enter" sentences to run consecutively. (Pub. Act 85—1003, §2, eff. July 1, 1988 (1987 Ill. Laws 4710, 4712, 4715).) Public Act 85—1003 was recodified in Public Act 85—1030 (Pub. Act. 85—1030, §3, eff. July 1, 1988 (1988 Ill. Laws 200, 203)), due to incorrectly numbered sections, but with no change in the substantive language of Public Act 85—1003. (*Ewald*, 210 Ill. App. 3d at 9.) Those debates showed one House representative stating that consecutive sentences were required " 'where a defendant is convicted to multiple felony offenses.' " (*Ewald*, 210 Ill. App. 3d at 10, quoting 85th Ill. Gen. Assem., Senate Proceedings, Nov. 6, 1987, at 50 (statements of Senator Degnan).) A State senator, the sponsor of the bill, indicated that the bill " 'requires the court to impose consecutive sentences

where a defendant is convicted to [*sic*] multiple felony offenses and one of those offenses is a criminal sexual assault or aggravated ... criminal sexual assault.' " *Ewald*, 210 Ill. App. 3d at 10, quoting 85th Ill. Gen. Assem., Senate Proceedings, Nov. 6, 1987, at 50 (statements of Senator Degnan).

The *Ewald* court noted that section 5—8—4(a) could arguably be interpreted as authorizing a mandatory consecutive sentence in cases only where a violation of section 12—13 or 12—14 arises from a single course of conduct. However, the *Ewald* court found that the legislative debates did not support such a narrow interpretation. Any other interpretation would be difficult to reconcile according to the Appellate Court, Fourth District, since it was unlikely the legislature intended mandatory consecutive sentences to apply only where a section 12—13 or 12—14 violation stemmed from a single course of conduct and not to a situation where a defendant sexually assaulted two young girls on separate occasions. *Ewald*, 210 Ill. App. 3d at 10.

The Appellate Court, Fifth District, recently followed *People v. Ewald* (1991), 210 Ill. App. 3d 7, in *People v. Haun* (1991), 221 Ill. App. 3d 164. Applying *Ewald*, the *Haun* court upheld consecutive terms of imprisonment where defendant was convicted of one count of aggravated criminal sexual assault which occurred in 1985 and one count of aggravated criminal sexual assault which occurred in 1986. The offenses were against the same victim.

The Appellate Court, Fifth District, again followed *Ewald* in *People v. Hough* (1991), 221 Ill. App. 3d 447. The defendant was convicted of one count of aggravated criminal sexual assault occurring on November 10, 1988. (Ill. Rev. Stat. 1989, ch. 38, par. 12—14.) He was convicted of two counts of aggravated criminal sexual assault, both counts against the same victim, occurring on January 29, 1989. It was the same victim from the November 10, 1988, incident as well. The sentence imposed for the November offense was ordered to be served consecutively to the sentences imposed for the January offense under section 5—8—4(a). The defendant argued on appeal that section 5—8—4(a) applied only when a section 12—13 or 12—14 offense occurred as part of a single course of conduct. Defendant posited that the November offense was not part of the same course of conduct.

The Appellate Court, Fifth District, found that the resolution of the same issue in *People v. Ewald* (1991), 210 Ill. App. 3d 7, was correct. The court noted the general rule that where a statute is ambiguous, as section 5—8—4(a) was, a reviewing court should select the construction which leads to a logical result and reject those leading to an absurdity. (*Hough*, 221 Ill. App. 3d at 454-55, citing *People v. Jones*

(1985), 134 Ill. App. 3d 1048.) The *Hough* court found that it was neither reasonable nor logical that the legislature intended to mandate consecutive sentences for violations of section 12—13 or 12—14 only where such violations are part of a single course of conduct. (*Hough,* 221 Ill. App. 3d at 455.) Therefore, the *Hough* court determined that consecutive sentences were mandatory under section 5—8—4(a) regardless of whether the section 12—13 or 12—14 offenses arose from a single course of conduct.

■■ After carefully reviewing the language of section 5—8—4(a), we respectfully disagree with the conclusions of the Appellate Court, Fourth District, in *People v. Ewald* (1991), 210 Ill. App. 3d 7, and the Appellate Court, Fifth District, in *People v. Hough* (1991), 221 Ill. App. 3d 447, and *People v. Haun* (1991), 221 Ill. App. 3d 164. According to the rules of statutory construction " '[w]here the statutory language is clear and unambiguous, a court must enforce the law as enacted without considering other aids of construction.' " (*People v. Drakeford* (1990), 139 Ill. 2d 206, 214, quoting *People v. Ferguson* (1989), 132 Ill. 2d 86, 97.) The intent of the legislature can best be determined by the plain and ordinary meaning of the statutory language. (*People v. Pettit* (1984), 101 Ill. 2d 309, 313.) A statute which is unambiguously worded must be enforced according to the plain meaning of its language. (*Willis,* 204 Ill. App. 3d at 595.) The plain language of section 5—8—4(a) (see *Lafferty,* 207 Ill. App. 3d at 138; *Willis,* 204 Ill. App. 3d at 595) only authorizes mandatory consecutive sentences for offenses in cases where a defendant was convicted of a violation of section 12—13 or 12—14 of the Criminal Code, and such violation was part of a single course of conduct. While the language is unambiguous, our examination of the history of section 5—8—4(a) supports our conclusion as well.

The portion of section 5—8—4(a) at issue herein has been amended several times over the years. In 1973, it merely provided that consecutive sentences could not be imposed for "offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(a); *People v. King* (1977), 66 Ill. 2d 551.) Under this provision the courts considered and evaluated the totality of the facts and circumstances to ascertain whether the defendant's actions resulting in two or more offenses were part of a single course of conduct without any change in the criminal purpose or objective or new elements of proof required. (*People v. Lowther* (1980), 85 Ill. App. 3d 735; *People v. Ingram* (1980), 84 Ill. App. 3d 495.) Consecutive sentences under section 5—8—4(a) de-

pended upon both the existence of separate and distinct acts and separate motivation behind those acts. (*People v. Perruquet* (1983), 118 Ill. App. 3d 293.) If the trial court found that the offenses were not committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, the trial court then had to exercise its discretion and determine whether a consecutive sentence was required as provided in section 5—8—4(b) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—4(b)). (See *People v. Tigner* (1990), 194 Ill. App. 3d 600; *People v. Russell* (1986), 143 Ill. App. 3d 296; *People v. Lindsay* (1978), 67 Ill. App. 3d 638.) The reviewing courts examined the criminal objective or motivation behind a defendant's separate acts to determine whether consecutive sentences could be imposed under section 5—8—4(a). *E.g., People v. Davis* (1986), 151 Ill. App. 3d 435; *People v. Parker* (1986), 141 Ill. App. 3d 643; *People v. Paino* (1985), 137 Ill. App. 3d 645; *People v. Baker* (1985), 133 Ill. App. 3d 620; *Perruquet*, 118 Ill. App. 3d 293; *People v. Fieberg* (1982), 108 Ill. App. 3d 665; *People v. Rose* (1979), 75 Ill. App. 3d 45; *People v. Brown* (1975), 31 Ill. App. 3d 547.

Section 5—8—4(a) was later amended to provide that consecutive sentences could not be imposed for offenses committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective "unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, in which event the court may enter sentences to run consecutively." (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—4(a); *People v. Townes* (1981), 94 Ill. App. 3d 850, *aff'd* (1982), 91 Ill. 2d 32.) The defendant's consecutive sentences for rape and deviate sexual assault committed against the victim during the offense of home invasion were upheld in *Townes* due to the severe bodily injury to the victim in the course of the Class X felonies. (See *People v. Knight* (1985), 139 Ill. App. 3d 188.) This court found in *People v. Russell* (1986), 143 Ill. App. 3d 296, that in order for a defendant to fall within the purview of the consecutive sentence provision regarding a Class X or Class 1 felony, it was necessary that he be convicted of multiple offenses. Then, there must have been *either* a substantial change in the nature of his criminal objective in committing the multiple offenses *or* his convictions must be a Class X or Class 1 felony in which he inflicted severe bodily injury. If either condition existed, the court *may* impose consecutive sentences if the requirements of section 5—8—4(b) were met. (*Russell*, 143 Ill. App. 3d at 302.) This court viewed the Class X/Class 1 felony with severe bodily injuries part of section 5—8—4(a) as an exception to the rule

against the imposition of consecutive sentences for offenses which were committed as *part of a single course of conduct.*

The Appellate Court, First District, also found that consecutive sentencing was proper under section 5—8—4(a) if the defendant was convicted of a Class X felony and if he had inflicted severe bodily injury during commission of the felony. (*People v. Buford* (1988), 178 Ill. App. 3d 329.) The court reasoned that consecutive sentences were proper under such circumstances regardless of whether defendant's criminal objective remained unchanged throughout the incident. (*Buford*, 178 Ill. App. 3d at 338.) Defendant's criminal objective remaining unchanged throughout the incident was irrelevant to the propriety of consecutive sentences because his conviction and conduct (Class X felony with severe bodily injury) satisfied the statutory exception to the "substantial change" requirement of section 5—8—4(a). (*Buford*, 178 Ill. App. 3d at 338.) The *Buford* court relied upon *People v. Russell* (1986), 143 Ill. App. 3d 296.

In *People v. Willis* (1990), 204 Ill. App. 3d 590, the Appellate Court, Fourth District, examined section 5—8—4(a) before the most recent substantive change effective July 1, 1988, at issue herein. The court noted that the "plain language" of section 5—8—4 authorized the imposition of a consecutive sentence in cases not involving Class X or Class 1 felonies and not involving severe bodily injury if there was a substantial change in the nature of the criminal objective (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(a)), and the court found a consecutive sentence was necessary to protect the public from further criminal activity by defendant (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(b)). The *Willis* court concluded that the defendant's acts of aggravated battery against the police officers and his attempted escape from jail were not separate acts accompanied by separate motivations. Thus, they were part of a single course of conduct. The consecutive sentence for attempted escape was vacated and ordered to be served concurrently with the aggravated battery sentences. Since the defendant's offenses in *Willis* were not Class X or Class 1 felonies, implicit in the court's decision is the fact the exception for consecutive sentences for Class X/Class 1 felonies committed in a single course of conduct did not apply.

In *People v. Lafferty* (1990), 207 Ill. App. 3d 136, 138, the Appellate Court, Fourth District, adopted the reasoning of *People v. Buford* (1988), 178 Ill. App. 3d 329, in examining the "plain language of section 5—8—4(a)," which created an exception to the general ban against consecutive sentences for violations of section 12—14 of the Criminal Code. We note that the general ban against consecutive sen-

tences was that they could not be imposed where they were part of a single course of conduct where no substantial change in the nature of the criminal objective occurred. The *Buford* decision, as discussed previously, found that a defendant's unchanged criminal objective was irrelevant where one of the offenses committed was a Class X or Class 1 felony and severe bodily injury was inflicted. The *Lafferty* court found *Buford* applied although *Lafferty* involved a section 12—14 offense. The defendant in *Lafferty* had been convicted of two counts of aggravated criminal sexual assault, both offenses arising out of "one episode." (*Lafferty*, 207 Ill. App. 3d at 137.) He argued that consecutive terms of imprisonment were not required under section 5—8—4(a), but the Appellate Court, Fourth District, found that consecutive terms were mandatory.

Prior interpretations of section 5—8—4(a) indicate that a defendant could receive a consecutive sentence for a Class X or Class 1 felony committed as part of a single course of conduct where the defendant inflicted severe bodily injury regardless of whether the defendant's criminal objective substantially changed during the single course of conduct. (*Buford*, 178 Ill. App. 3d 329; *Russell*, 143 Ill. App. 3d 296; see *Willis*, 204 Ill. App. 3d 590.) Thus, the Class X/Class 1 felony provision was an exception to the requirement that the defendant's criminal objective had to change substantially during the single course of conduct in order to impose consecutive sentences. (*Buford*, 178 Ill. App. 3d 329; *Russell*, 143 Ill. App. 3d 296.) Under the recent amendment consecutive sentences have been made mandatory. Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a); *People v. McDade* (1991), 219 Ill. App. 3d 317; *People v. Lipscomb* (1991), 215 Ill. App. 3d 413; *Lafferty*, 207 Ill. App. 3d at 137-38; see *Haun*, 221 Ill. App. 3d 164.

Furthermore, the recent amendment merely inserted another exception to the general ban against consecutive sentences for offenses committed as part of a single course of conduct, *i.e.*, "where the defendant was convicted of a violation of Section 12—13 or 12—14 of the Criminal Code of 1961." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a).) The State posits that a situation such as that found in *People v. Perruquet* (1983), 118 Ill. App. 3d 293, is the kind of situation the amendment is meant to address. It claims that under the amendment a court would not be strained to find a change in a defendant's criminal objective in order to impose consecutive sentences. While we agree that the amendment is an exception to the "substantial change" requirement of section 5—8—4(a) (see *Buford*, 178 Ill. App. 3d at 338; *Russell*, 143 Ill. App. 3d at 302), the section 12—13 or 12—14 violation still must occur as part of a single course of conduct. Although

the court found no single course of conduct in *Perruquet*, we question whether such a finding may not be different today since a consecutive sentence is now permitted, in fact mandatory, for a section 12—13 or 12—14 offense committed in a single course of conduct. The "strain" noted by the State to achieve the result in *Perruquet* would not be needed. In view of the reasoning applied to the Class X/Class 1 felony provision of section 5—8—4(a) in these earlier cases, and some other factors cited below, we determine that a conviction for criminal sexual assault must be part of a single course of conduct in order for a mandatory consecutive sentence to arise. Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a).

We are not persuaded by the comments of the legislators as cited by the *Ewald* court as indicating a contrary intent. (*Ewald*, 210 Ill. App. 3d at 10.) These remarks only show that consecutive sentences are required when a defendant is convicted of multiple felony convictions. The statements do not demonstrate under what circumstances these multiple convictions must occur. In addition, the legislative intent can best be determined by the plain and ordinary meaning of the statutory language. (*Pettit*, 101 Ill. 2d at 313.) The legislature placed the provision regarding section 12—13 or 12—14 offenses with the already existing exception to the single course of conduct ban against consecutive sentences, *i.e.*, Class X/Class 1 felony exception. If it intended consecutive sentences to apply to sections 12—13 and 12—14 offenses irrespective of a single course of conduct, the legislature could have set the provision out separately. We do not find such an interpretation difficult to reconcile (*Ewald*, 210 Ill. App. 3d at 10), nor unreasonable or illogical (*Hough*, 221 Ill. App. 3d at 455), since the deterrent purpose of multiple sentencing is to discourage the commission of further offenses once an initial offense has been completed. (*Paino*, 137 Ill. App. 3d at 654; *Perruquet*, 118 Ill. App. 3d at 297.) This purpose is met where a defendant may commit a section 12—13 or 12—14 violation as part of a single course of conduct in which other offenses have been committed, including those situations where a defendant commits repeated section 12—13 or 12—14 violations against a victim during a single course of conduct. See *People v. Segara* (1988), 126 Ill. 2d 70.

■ We turn now to a determination of whether defendant's offenses were committed as part of a single course of conduct. Defendant committed the same statutory offense against the same victim at three different and distinct points in time. Several days elapsed between the offenses. We note that implicit in the appellate courts' reasoning in *People v. Ewald* (1991), 210 Ill. App. 3d 7, *People v. Haun*

(1991), 221 Ill. App. 3d 164, and *People v. Hough* (1991), 221 Ill. App. 3d 447, is the fact that defendant's convictions herein would not be said to arise from a single course of conduct. The State argues in its brief that defendant did engage in a single course of conduct with no substantial change in the nature of his criminal objective. The State has cited *Hough* as additional authority on a different perspective of the issue. However, *Hough* is contrary to the State's position regarding whether the offenses herein were committed as part of a single course of conduct.

Conduct as defined in section 2—4 of the Criminal Code refers to an act or series of acts and the accompanying mental state. (Ill. Rev. Stat. 1989, ch. 38, par. 2—4; *People v. Leger* (1991), 208 Ill. App. 3d 333.) Prior case law under prior statutes found that "conduct" was used in the sense of "the same transaction." (*People v. Schlenger* (1958), 13 Ill. 2d 63; *People v. Weaver* (1968), 93 Ill. App. 2d 311.) The supreme court recently referred to acts committed during a single transaction in discussing section 5—8—4(a) in *People v. Segara* (1988), 126 Ill. 2d 70. In order to impose consecutive sentencing for such offenses under the old statute, there must have been both the existence of separate and distinct acts and separate motivation behind those acts (*Perruquet*, 118 Ill. App. 3d at 295), otherwise they were part of a single course of conduct.

Under prior provisions of section 5—8—4(a), a defendant would argue that his actions or offenses were part of a single course of conduct in order to avoid consecutive sentencing on the offenses. (*E.g., Perruquet*, 118 Ill. App. 3d 293.) However, when separate victims were harmed by distinct acts directed at the victims separately, section 5—8—4(a) did not prohibit the imposition of consecutive sentences. (*People v. McManus* (1990), 197 Ill. App. 3d 1085.) In *McManus* the fact that the nine separate and distinct offenses were part of a larger scheme of financial fraud did not mean the nine incidents constituted a single course of conduct. Consecutive sentences could be imposed for the commission of repeated offenses of the same type on the same victim when the evidence showed the existence of separate acts and a change in the accompanying mental state (*Perruquet*, 118 Ill. App. 3d at 296), *i.e.*, if the acts were not part of a single course of conduct. See generally *People v. Spires* (1989), 182 Ill. App. 3d 176 (wherein four rapes against four different people at four different and distinct points in time did not arise from the same course of conduct).

The State puts forth a definition for the word "course" as found in the dictionary and argues that a course of conduct does not refer to a single act or incident. It points out that the phrase "same con-

duct" or "same transaction" as found in *People v. King* (1977), 66 Ill. 2d 551, is not used. While "course" may mean an "accustomed procedure or normal action b: a chosen manner of conducting oneself; BEHAVIOR c: progression through a series of acts or events or a development or period" (Webster's Seventh New Collegiate Dictionary 191 (1971)), the statute refers to a *single* course of conduct. The State reads the phrase "single course of conduct" too broadly, and its position is contrary to previous case law concerning what constitutes a "single course of conduct." The State acknowledged during oral argument that this "course of conduct" would not apply to a defendant who committed, for example, one robbery against one victim one day and another victim on another day. The State opined on oral argument that section 5—8—4(a) is illogical to some extent regardless of the interpretation.

Based on the numerous opinions on section 5—8—4(a) prior to the amendment, only some of which have been specifically cited in this opinion, defendant's separate offenses against the same victim occurring at separate and distinct points of time, and separated by several days, did not constitute a single course of conduct. (See generally *McManus*, 197 Ill. App. 3d 1085.) Although defendant's second and third violations of section 12—13 may have involved a renewed criminal objective of sexual assault, the second and third offenses were not part of the first offense. (See *Perruquet*, 118 Ill. App. 3d at 297.) We have already found that a conviction for a section 12—13 or 12—14 offense committed as part of a single course of conduct mandates a consecutive sentence regardless of defendant's unchanged criminal objective.

Based on the foregoing, defendant was not subject to the *mandatory* consecutive sentence provision of section 5—8—4(a) because his section 12—13 offenses were not part of a "single course of conduct." Since the trial court incorrectly found that defendant qualified for mandatory consecutive terms and then imposed them, the sentences must be vacated and the cause remanded for resentencing. We note that while defendant was not eligible for *mandatory* consecutive terms under section 5—8—4(a), he is still eligible for consecutive terms under the exercise of the trial court's discretion under section 5—8—4(b). Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(b).

■ Returning to the other issues raised by defendant, in the first issue he challenges the constitutionality of section 5—8—4(a). (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a).) He contends the provision regarding section 12—13 or 12—14 violates due process and equal protection. Defendant lacks standing to challenge the statute on the grounds asserted. A party may not challenge a statute's constitutional

validity unless that party has sustained or is in immediate danger of sustaining a direct injury as a result of the statute's enforcement. (*People v. Ziltz* (1983), 98 Ill. 2d 38; *People v. Hood* (1990), 203 Ill. App. 3d 289.) Since defendant is not subject to the mandatory consecutive sentence provision of section 5—8—4(a) as determined, he has no standing to constitutionally challenge the provision. Defendant conceded this point on oral argument.

Next, defendant contends that his guilty plea to the three counts was not entered knowingly and voluntarily, and, therefore, the convictions must be vacated and his plea withdrawn. Defendant bases this issue on the trial court's failure to inform defendant that any sentences imposed were to be mandatory consecutive sentences under section 5—8—4(a). The trial court did apprise defendant that he *could* be sentenced to consecutive terms, concurrent terms, or probation. Defendant argues that the trial court's noncompliance with Supreme Court Rule 402(a)(2) by failing to advise defendant of the mandatory nature of consecutive prison terms renders his plea involuntary. He claims that if he would have been so advised, he would not have pleaded guilty. *People v. Davis* (1991), 144 Ill. 2d 349; *People v. Brown* (1991), 217 Ill. App. 3d 66.

■ This issue need not be addressed since it is defendant's sole contention that the admonishment was insufficient because he was not advised that he was eligible to receive a mandatory consecutive sentence. Defendant was not eligible for *mandatory* consecutive sentences. He was advised of the possibility of consecutive terms. The admonishment was thus substantially sufficient. No other issue is raised with the propriety of the admonishments. Defendant also conceded this point during oral argument.

■ In the third issue defendant contends he received ineffective assistance of counsel because he was not told by his attorney prior to entering his guilty plea that he could receive mandatory consecutive sentences under section 5—8—4(a). However, this issue again relies on the fact that defendant was eligible to receive mandatory consecutive sentences, and he was not. This issue need not be addressed.

Defendant claims ineffective assistance of counsel because his attorney failed to object to the testimony of Reverend Blake Higginbotham at the sentencing hearing. Higginbotham was called by the State and said that defendant had contacted him by telephone three times. Defendant had asked for counsel and advice. Higginbotham had told defendant during the second conversation that he would not be defendant's counselor. The minister explained on cross-examination that defendant was disqualified from counsel because he previously

lied to Higginbotham. Under Higginbotham's teachings and studies, these lies precluded counsel. Defendant testified at the sentencing hearing that he confessed his sins to Higginbotham and wanted spiritual help.

Higginbotham testified that during the third conversation with defendant, he asked defendant about the frequency of the sexual incidents with the victim. He asked this question to ascertain the truth for the sake of defendant's wife and the victim. Defendant told the minister that he had sexual intercourse with the victim over 25 times, but his response gravitated toward 50 times. Defendant did not recall discussing the number of incidents with Higginbotham.

On appeal defendant contends there should have been an objection raised to Higginbotham's testimony under the minister-penitent privilege. (Ill. Rev. Stat. 1989, ch. 110, par. 8—803.) He claims the privilege applied because defendant contacted Higginbotham to confess and for spiritual guidance, and the conversation was in confidence as no third party was present. Defendant contends he was severely prejudiced by this testimony because it bolstered the victim's testimony regarding the frequency of the incidents.

In order to establish ineffective assistance of counsel, defendant must prove that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the outcome would have been different. (*Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052; *People v. Albanese* (1984), 104 Ill. 2d 504.) A court of review may advance directly to the second part of the *Strickland* test, and if it finds that the defendant was not prejudiced by the allegedly incompetent conduct of his attorney, the court may rule on the claim without first finding the attorney's conduct constituted less than reasonably effective assistance. *People v. Cooper* (1989), 132 Ill. 2d 347.

Illinois authorities defining the scope of the minister-penitent privilege are limited. (*Snyder v. Poplett* (1981), 98 Ill. App. 3d 359.) Section 8—803 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 8—803) allows the privilege to be raised when disclosure by the minister is "enjoined by the rules or practices of such religious body or of the religion which he or she professes." (Ill. Rev. Stat. 1989, ch. 110, par. 8—803; *People v. Diercks* (1980), 88 Ill. App. 3d 1073.) The clergyman cannot be "compelled to divulge any information which has been obtained by him or her in such professional character or as such spiritual advisor." (Ill. Rev. Stat. 1989, ch. 110, par. 8—803; *People v. Pecora* (1969), 107 Ill. App. 2d 283.) While the failure to raise the privilege by either the minister or defendant results

in a waiver of the privilege (*People v. Byers* (1973), 11 Ill. App. 3d 277), it is for this reason that defendant claims he was denied effective assistance of counsel.

■ It is clear from the record that the privilege did not apply under the statute. Higginbotham testified that defendant was disqualified from Higginbotham's counsel. He told defendant prior to the conversation regarding the number of incidents that he would not be defendant's counselor. Thus defendant's statements to Higginbotham were not obtained by the minister in his professional character or as a spiritual advisor.

Defendant contends in his reply brief that the fact Higginbotham did not consider himself the spiritual advisor of defendant did not preclude confessions to him as a clergyman. He claims it is the "perception" of the penitent which is determinative of whether the privilege applies. Although the statute is designed to protect those communications between clergymen and laymen that originate in a confidence that they will not be disclosed (*Snyder*, 98 Ill. App. 3d at 362), the statute does not provide that it is the penitent's "perception" which determines when this confidence arises. If this were the case, there would be no reason to limit the privilege to those situations where a confession or admission is enjoined from disclosure by the rules or practices of the religious body or religion. Regardless of the existence of such rules or practices, a defendant could merely assert that he believed the statements were communicated in confidence and therefore the privilege applied. Defendant's position is not supported by the language of the statute.

Furthermore, defendant's "perception" of the privilege existing is not supported by the record. Higginbotham told defendant he would not act as his counselor in the second conversation. The fact Higginbotham accepted defendant's third phone call and agreed to talk to defendant fails to establish defendant's claim that an "illusion of being [defendant's] counsellor" was created in view of Higginbotham's admonishment to defendant. Defendant asserts that he approached Higginbotham only in his capacity as a minister; however, this point does not create the privilege where defendant was told by Higginbotham that Higginbotham was not defendant's counsel.

Since the minister-penitent privilege did not exist, there was no actual prejudice caused defendant by his attorney's failure to raise the privilege. Defendant has failed to establish ineffective assistance of counsel on this basis. *Cooper*, 132 Ill. 2d at 359-60.

Lastly, defendant claims that the terms of imprisonment were excessive. In view of the fact that the sentences have been vacated and the cause remanded for resentencing, we do not address this issue.

Based on the foregoing, the judgment of the circuit court with respect to defendant's convictions is affirmed. The sentences, however, are vacated, and the cause is remanded for resentencing.

Affirmed in part; vacated in part and remanded.

McLAREN and DUNN, JJ., concur.