THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FREDDIE TILLER, Defendant-Appellant.

Fifth District   No. 5—83—0537

Opinion filed December 27, 1984.

Randy E. Blue and Kim G. Noffke, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE JONES delivered the opinion of the curt:

The defendant, Freddie Tiller, was convicted following a jury trial in September 1979 of two counts of murder, two counts of armed robbery and two counts of armed violence and was sentenced to death. On appeal the supreme court affirmed the murder convictions and one of the armed robbery convictions but remanded the cause to the trial court for the imposition of sentences other than death. (*People v. Tiller* (1982), 94 Ill. 2d 303, 447 N.E.2d 174.) The trial court subsequently resentenced the defendant to concurrent terms of natural life imprisonment on the murder convictions and imposed sentence of 30 years' imprisonment on the armed robbery conviction. The defendant has now appealed, contending that the natural life sentences were based upon improper aggravating factors. Upon consideration of the supreme court's opinion in this case, we agree and accordingly vacate those sentences and remand the cause for resentencing on the murder convictions.

The defendant was convicted, along with codefendant Andre Jones (see *People v. Jones* (1982), 94 Ill. 2d 275, 447 N.E.2d 161), of two murders that occurred during the course of an armed robbery of a cleaning shop. One of the victims was Samuel Nersesian, the operator of the shop, and the other was Debra Brown, a mail carrier who entered the shop while the robbery was in progress. The evidence at trial, more fully set forth in the supreme court's opinion in this cause, showed that both victims were actually shot by codefendant Jones and that the defendant had left the shop when Debra Brown entered and was not present when she was shot.

The defendant was sentenced to death under the statutory provision authorizing such a penalty for the murder of two or more individuals (Ill. Rev. Stat. 1979, ch. 38, par. 9—1(b)(3)). That section provided for a sentence of death so long as both murders "were the result of either an intent to kill more than one person or of separate premeditated acts."

On appeal the supreme court affirmed both murder convictions, finding that there was sufficient evidence to support the defendant's conviction for the murder of Debra Brown on a theory of accountability. The court stated:

> "The jury had before it evidence to support the conclusion that defendant and [codefendant] Jones planned the robbery and that Miss Brown was murdered to prevent her from identifying Jones and defendant as the robbers of Nersesian. As such, her murder was in furtherance of the robbery, and defendant [was] accountable for his accomplice's act." *People v. Tiller* (1982), 94 Ill. 2d 303, 314, 447 N.E.2d 174, 180.

The court stated further that the defendant's alleged admonishment to Jones, upon leaving the cleaners, not to harm Miss Brown

> "hardly vitiate[d] his participation in the commission of the robbery, and certainly [did] not absolve him from liability for [her murder]." (94 Ill. 2d 303, 315, 447 N.E.2d 174, 180.)

Noting the defendant's "apparent knowledge of the fact that Jones might harm [Miss Brown]," the court concluded that

> "defendant was aware of another crime that was going to occur due to the commencement of the robbery, but did nothing to prevent the crime. A mere statement of disapproval of his accomplice's intended acts [was] insufficient to exonerate defendant from liability for the crimes against Miss Brown." 94 Ill. 2d 303, 315, 447 N.E.2d 174, 180.

In reviewing the defendant's sentence, however, the supreme court held that the defendant could not be sentenced to death for the

murders based upon section 9—1(b)(3) because the evidence failed to show any intent by the defendant to kill either Nersesian or Miss Brown. The court relied upon the decision of *Enmund v. Florida* (1982), 458 U.S. 782, 797, 73 L. Ed. 2d 1140, 1151, 102 S. Ct. 3368, 3376-77, in which it was held that a death sentence imposed upon one "who aids and abets a felony in the course of which a murder is committed by others but who does not himself kill *** or intend that a killing take place" was not permitted under the eighth amendment. The *Tiller* court, contrasting the instant case with *People v. Ruiz* (1982), 94 Ill. 2d 245, 447 N.E.2d 148, where a death sentence was upheld for a defendant guilty of multiple murders on an accountability theory because of his participation in the killings, concluded that the defendant here "was not shown to have planned or in any manner participated in the killings." (*People v. Tiller* (1982), 94 Ill. 2d 303, 324, 447 N.E.2d 174, 185.) The court accordingly vacated the defendant's death sentence and remanded the cause to the trial court for resentencing.

The trial court upon remand sentenced the defendant to concurrent life sentences under section 5—8—1(a)(1)(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(1)(b)), which authorized such a penalty if any of the aggravating factors in section 9—1, the death penalty provision, were present. The court based the life sentences upon the aggravating factors listed in subsections (b)(3) and (b)(6) of section 9—1 (Ill. Rev. Stat. 1983, ch. 38, pars. 9—1(b)(3), 9—1(b)(6)). Subsection (b)(3), under which the defendant had originally been sentenced to death, provided that a defendant must have been convicted of murdering two or more individuals and must have had an intent to kill. Under subsection (b)(6), the murdered individual must have been killed in the course of another felony and must have been actually killed by the defendant.

On appeal the defendant contends that his sentence based upon these aggravating factors was improper where the evidence failed to show either that he had an intent to kill, as required under subsection (b)(3), or that he actually killed the murdered individuals, as required under subsection (b)(6). The State concedes that the defendant could not be sentenced to life imprisonment under subsection (b)(6), since he was not the one who actually killed the two victims. It contends, however, that the defendant's sentence based upon subsection (b)(3) was proper and was not precluded by the supreme court's decision in the initial appeal of this case.

▮ Our consideration of the supreme court's opinion leads us to conclude that the defendant's sentence of life imprisonment based

upon the aggravating factor of subsection (b)(3) can no more be upheld than could the original sentence of death based upon that factor. The supreme court, having reviewed the same evidence that was before the sentencing court, found that there was insufficient showing that the defendant had planned or participated in the killings so as to justify imposition of sentence based upon subsection (b)(3). This aggravating factor, then, may not subsequently be applied in sentencing the defendant to natural life imprisonment under section 5—8—1(a)(1)(b). For this reason, the defendant's natural life sentences must be vacated and the cause remanded to the trial court for resentencing.

■■ ■ While the defendant contends additionally that the trial court erred in refusing the assistant public defender's request to withdraw as the defendant's attorney because the State's Attorney who had prosecuted the defendant was currently in the public defender's office, there was no showing here of an actual conflict of interest necessary to require disqualification. The only conflict asserted by the defendant with respect to his representation by the assistant public defender was that she could have been "subliminally affected" by the former State's Attorney's position in the public defender's office. It is well settled that a public defender's office is not to be treated as an individual unit or entity such that the disqualification of one member, here, the former State's Attorney, would necessarily disqualify all of its members. (*People v. Miller* (1980), 79 Ill. 2d 454, 404 N.E.2d 199.) In the absence of any showing of conflict that would preclude effective and forceful representation of the defendant by the assistant public defender, the trial court did not err in refusing her request to withdraw, and we see no reason to order appointment of different counsel upon remand of the cause for resentencing.

Murder sentences reversed and cause remanded for resentencing on murder convictions.

KARNS and KASSERMAN, JJ., concur.