986 F.2d 1424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donzell HARRIS, Petitioner-Appellant,
v.
Richard GRAMLEY, Warden, Pontiac Correctional Center, and
Roland Burris, Attorney General of Illinois,
Respondents-Appellees.
 No. 92-1400.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 18, 1993.*
Decided March 3, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Donzell Harris appeals the district court's denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. Harris was sentenced to life without parole for murdering his wife, but now contends that the sentence exposed him to double jeopardy. Having reviewed the record, we agree with the district court's decision and AFFIRM for the reasons stated in the attached Memorandum Opinion and Order.
 
 ATTACHMENT
 
 2
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
 
 DISTRICT OF ILLINOIS EASTERN DIVISION
 
 3
 UNITED STATES OF AMERICA, ex rel. DONZELL HARRIS, Petitioner,
 
 
 4
 v.
 
 
 5
 RICHARD GRAMLEY, Warden, PONTIAC CORRECTIONAL CENTER, ROLAND
 
 
 6
 BURRIS, Attorney General of Illinois, Respondents.
 
 No. 91 C 2831
 MEMORANDUM OPINION AND ORDER
 
 7
 Petitioner Donzell Harris ("Harris") requests a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Harris was convicted of murder in Circuit Court of Cook County, Illinois, and is serving a sentence of natural life in prison imposed on April 16, 1989. He is presently incarcerated by the Illinois Department of Corrections at the Pontiac Correctional Center in Pontiac, Illinois. He wishes either to be released from custody or to be resentenced.
 
 
 8
 Harris appealed to the Illinois Appellate Court, First Judicial District (No. 86-1595), arguing that the imposition of the sentence of natural life in prison violated his constitutional protection against double jeopardy under the Fifth and Fourteenth Amendments. The appellate court affirmed the sentence on February 19, 1988. Harris's Petition for Leave to Appeal to the Illinois Supreme Court (No. 66747) was denied on June 3, 1988. The United States concedes that Harris has exhausted his available state court remedies as required by 28 U.S.C. § 2254(b) and (c).
 
 
 9
 Harris now argues before this Court that he has been deprived of his constitutional protection against double jeopardy as a consequence of the imposition of a natural life sentence. He contends that the trial court judge improperly imposed the sentence on the basis of an aggravating factor that a jury in a prior death penalty sentencing hearing had found not to exist. For the following reasons, we deny the petition.
 
 Background
 
 10
 On May 14, 1985, Harris's wife, Joanne Harris, left Cook County Circuit Court where she had appeared as a witness in connection with a complaint that she had filed against her estranged husband. At that time Harris had not appeared in court, but a warrant had been issued for his arrest. Approximately two blocks from the courthouse, an eyewitness saw Harris approach Joanne Harris on a bicycle, yell at her "Say, you bitch, why are you doing this," walk toward her, pull out a loaded .38 caliber revolver, and shoot her twice in the head.
 
 
 11
 Harris now contests the sentencing phases of the proceeding that occurred following the jury's guilty verdict. In the first phase, the jury was asked to determine whether Harris was eligible for capital punishment pursuant to Ill.Rev.Stat. ch. 38, para. 9-1(b)(8) (1979 & Supp.1991).[1] The jury was unable to find unanimously that Harris was eligible for the death penalty. The verdict read as follows:
 
 
 12
 We, the jury, cannot unanimously find that defendant Donzell Harris attained the age of eighteen at the time he committed the offense of murder.
 
 
 13
 We, the jury, cannot unanimously find that the following statutory aggravating factor has been proved beyond a reasonable doubt. This aggravating factor is the defendant committed murder with the intent to prevent the murdered individual from testifying in any criminal prosecution or because the murdered individual gave material assistance to the State in any investigation or prosecution either against the defendant or another.
 
 
 14
 On April 16, 1989, a sentencing hearing was held pursuant to Ill.Rev.Stat. ch. 38, para. 9-1(g) (1979 & Supp.1991).[2] The judge sentenced Harris to natural life in prison pursuant to Ill.Rev.Stat. ch. 38, para. 1005-8-1(a)(1)(b) (1982 & Supp.1991).[3] The judge imposed the sentence, finding the murder to have been exceptionally brutal and to have been committed because Joanne Harris was a witness or gave material assistance to the State in an investigation of Harris for battery.[4] (Record 557-60) Harris now objects to the trial judge's use of the (b)(8) aggravating factor when imposing the life sentence.
 
 Argument
 
 15
 The Double Jeopardy Clause forbids the re-trial of one who has been acquitted of the crime charged. Bullington v. Missouri, 451 U.S. 430, 437 (1981) (citing U.S. v. DiFrancesco, 449 U.S. 117, 129-30 (1980)). The protections afforded by the Double Jeopardy Clause extend to the sentencing phase of a trial. Bullington, 451 U.S. at 446. The Bullington Court determined that where the sentencing proceeding has many of the hallmarks of a trial on the question of guilt or innocence, then it is fair to assume that a finding that the death penalty is not appropriate is a finding that the state has failed to prove its case. Id. at 444. That Court found that in Missouri the jury was explicitly required "to determine whether the prosecution has 'proved its case.' " Id. The Illinois Supreme Court in People v. Davis, 112 Ill.2d 78, 491 N.E.2d 1163 (1986), has determined that Illinois's statutes, like those that the Bullington Court found in Arizona, render the sentencing proceeding to be " 'a trial on the issue of punishment.' " Davis, 112 Ill.2d at 82, 491 N.E.2d at 1164 (quoting Bullington, 451 U.S. at 438).
 
 
 16
 Be that as it may, we must examine the nature of the death penalty jury's determination. Harris argues that at the death penalty hearing, he was in effect acquitted of an essential element in the imposition of the death penalty. He asserts that the judge was barred from "resurrecting" the notion that the murder was motivated by Joanne Harris's battery complaint because that aggravating factor had been rejected in the death penalty sentencing phase.
 
 
 17
 In his first appeal, Harris characterized his objection to sentencing as both a violation of the bar against double jeopardy and a collateral estoppel issue. The Supreme Court in Ashe v. Swenson, 397 U.S. 436 (1970), clearly determined that collateral estoppel is a part of the Fifth Amendment's guarantee against double jeopardy. Id. at 445. In rejecting Harris's appeal, the Appellate Court said that the "major flaw in defendant's 'estoppel' argument is that the jury did not make a final determination that the aggravating factor did not exist. Therefore there was never any conclusive decision by the jury on this factual issue sufficient for the doctrine of collateral estoppel to be applicable." (Order, Court of Appeals, at 4-5).[5]
 
 
 18
 Harris cites to People v. Tiller, 130 Ill.App.3d 549, 474 N.E.2d 756 (5th Dist.1984), in support of his proposition that the aggravating factor may not be recycled, but we note that the Tiller court barred the re-use of an aggravating factor in a subsequent life imprisonment sentencing after there had been a judicial determination that the aggravating factor could not reasonably be found. Tiller, 130 Ill.App.3d at 552-53, 474 N.E.2d at 758. We find the reasoning in two other Illinois appellate decisions to be more useful. In both People v. Cartalino, 111 Ill.App.3d 578, 444 N.E.2d 662 (1st Dist.1982) (dictum), and People v. Hipkins, 97 Ill.App.3d 174, 423 N.E.2d 208 (3d Dist.1981), the courts rejected collateral estoppel arguments based on precisely the same situation that faces this court. In both cases the death penalty juries had failed to reach unanimity on an aggravating factor. The Hipkins court stated that
 
 
 19
 [t]he essential problem with the estoppel argument advanced by the defense is the fact that the jury did not affirmatively find that the aggravating factor did not exist. Rather, the jury was unable to unanimously find that the factor did exist. From the record, then, all that can be concluded is that the jury was unable to reach a unanimous conclusion about the presence or absence of the aggravating factor. Thus there was never any conclusive decision by the jury on this factual issue sufficient to act as a bar by way of estoppel.
 
 
 20
 Hipkins, 97 Ill.App.3d at 179, 423 N.E.2d at 212. Likewise the Cartalino court, citing to Hipkins, noted in dictum that "the jury here did not affirmatively find that the aggravating factor did not exist (cite deleted); it simply was unable to make an express finding either way on the factual question." Cartalino, 111 Ill.App.3d at 592, 444 N.E.2d at 674.
 
 
 21
 Harris has not argued, nor can we determine, that this reason is any less compelling in a double jeopardy context than it is in the collateral estoppel context. We simply cannot accept Harris's argument that the Illinois legislature has mandated that a jury's finding of ineligibility for the death penalty is "a final determination that no aggravating factors are present" (Petition, p. 4) on facts such as these. The jury did not, as Harris maintains "return a verdict that the aggravating factor did not exist." (Petition at 1.)
 
 
 22
 We therefore find that the appellate court was correct in its determination that the judge was free to consider the aggravating factor about which the death penalty jury could not reach unanimity. Had we decided otherwise on this issue, Harris's sentence would still stand inasmuch as the appellate court has already upheld the sentencing judge's additional finding that life imprisonment is appropriate because of the heinous and brutal nature of the murder. Ill.Rev.Stat. ch. 38, para. 1005-8-1(a)(1)(b); Cartalino, 111 Ill.App.3d at 593 n. 2, 444 N.E.2d at 674 n. 2. A wholly independent ground for the imposition of the sentence of life imprisonment therefore appears to support Harris's sentence.
 
 
 23
 /s/Paul E. Plunkett
 
 
 24
 /s/UNITED STATES DISTRICT JUDGE.
 
 
 25
 Dec. 19, 1991.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 This provision reads in pertinent part:
 (8) the defendant committed the murder with intent to prevent the murdered individual from testifying in any criminal prosecution or giving material assistance to the State in any investigation or prosecution, either against the defendant or another; or the defendant committed the murder because the murdered individual was a witness in any prosecution or gave material assistance to the State in any investigation or prosecution, either against the defendant or another....
 
 
 [2]
 This section provides:
 If at a separate sentencing proceeding the jury finds that none of the factors set forth in subsection (b) exists, the court shall sentence the defendant to a term of imprisonment under Chapter V of the Unified Code of Corrections. If there is a unanimous finding by the jury that one or more of the factors set forth in subsection (b) exist, the jury shall consider aggravating and mitigating factors as instructed by the court and shall determine whether the sentence of death shall be imposed. If the jury determines unanimously that there are no mitigating factors sufficient to preclude the imposition of the death sentence, the court shall sentence the defendant to death.
 
 
 [3]
 This section provides that
 if the court finds that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty or that any of the aggravating factors listed in subsection (b) of Section 9-1 of the Criminal Code of 1961 are present, the court may sentence the defendant to a term of natural life imprisonment.
 
 
 [4]
 At the time of sentencing, the judge stated:
 [A]lthough [ ] the jury was unable to reach a verdict, finding the existence of an aggravating factor in his case, that does not preclude me from finding that, simply because they're unable to reach a verdict, they did not find the opposite. And, therefore, the matter hasn't been decided one way or another.
 
 
 [5]
 In his appeal, Harris had also challenged the trial judge's finding that life imprisonment was appropriate under § 1005-8-1(a)(1)(b) because of the brutal and heinous nature of the killing. The appellate court upheld that finding, and Harris does not pursue the issue here