THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CULLEN LAYTON CARTER, Defendant-Appellant.

Fourth District    No. 4—93—0968

Opinion filed May 24, 1995.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goet-

ten, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Following a jury trial in the circuit court of McLean County, defendant Cullen Carter was convicted of one count of aggravated criminal sexual assault (720 ILCS 5/12—14(b)(1) (West 1992)) and one count of aggravated criminal sexual abuse (720 ILCS 5/12—16(b) (West 1992)). He was sentenced to 15 years' imprisonment for aggravated criminal sexual assault and 6 years' imprisonment for aggravated criminal sexual abuse, to be served consecutively. The consecutive sentences were considered mandatory in light of this court's decision in *People v. Ewald* (1991), 210 Ill. App. 3d 7, 10, 568 N.E.2d 451, 453, which held that section 5—8—4(a) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5—8—4(a) (West 1992)) requires the trial court to impose consecutive sentences for multiple convictions under section 12—13 or 12—14 of the Criminal Code of 1961 (720 ILCS 5/12—13, 12—14 (West 1992)). On appeal to this court, defendant's convictions and sentences were affirmed, relying upon the *Ewald* decision. *People v. Carter* (1992), 232 Ill. App. 3d 905, 598 N.E.2d 287.

Pursuant to defendant's petition for leave to appeal (*People v. Carter* (1993), 151 Ill. 2d 568, 614 N.E.2d 1240), the Supreme Court of Illinois vacated the judgment of this court and remanded the cause to this court in light of its decision in *People v. Bole* (1993), 155 Ill. 2d 188, 613 N.E.2d 740. *Bole* held that section 5—8—4(a) of the Unified Code requires consecutive sentences only when a defendant commits the offenses in a single course of conduct. (*Bole*, 155 Ill. 2d at 196-99, 613 N.E.2d at 744-45.) Since it was conceded in the instant case that defendant did not commit the offenses in a single course of conduct, this court vacated defendant's sentences and remanded to the trial court for resentencing. (*People v. Carter* (4th Dist. 1993), No. 4—91—0633 (unpublished order under Supreme Court Rule 23).) On remand, the trial court resentenced defendant to the same terms of imprisonment that it had previously and, once again, ordered the sentences to be served consecutively. Defendant now appeals this determination. We affirm.

It is well established that the determination of an appropriate sentence is a matter involving considerable judicial discretion and a reviewing court will not disturb that decision absent an abuse of discretion. (See *People v. La Pointe* (1981), 88 Ill. 2d 482, 492, 431 N.E.2d 344, 348.) The trial court is normally the proper forum in which a suitable sentence is to be determined, and that court's deci-

sion is entitled to great weight and deference. *People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884.

Defendant's presentence report shows that he has a criminal history dating back to 1974, when he was convicted of conspiracy for bringing hacksaw blades into the jail. He received 36 months' probation. In 1975, while on probation, he committed the offense of grand larceny in the State of Washington and was sentenced to 15 years' imprisonment. That sentence was suspended, and he was placed on three years' probation. In 1976, he was convicted of driving under the influence of alcohol in Illinois. In 1978, he was convicted of disorderly conduct. In 1980, he was convicted of residential burglary in the State of Texas and sentenced to five years' unadjudicated probation. The trial court stated it did not consider this last offense to be a conviction.

At defendant's first sentencing hearing in July 1991, he testified about the circumstances surrounding the offenses. The charges involved sexual conduct with his then eight-year-old daughter and five-year-old son. At trial, he maintained his innocence. When questioned by the court at the sentencing hearing, defendant admitted certain sexual conduct, but attempted to excuse it by implying that it was inadvertent. He admitted to being sexually aroused while bathing his children. He had also slept with his daughter while naked. He stated he began counseling after being charged with the instant offenses. He knew that if he was convicted, he would go to jail. He did not complete the counseling, believing he would be wasting his money if he went to jail.

■ Defendant first argues that, contrary to the mandate of the *Bole* decision, the effect of the trial court's sentencing determination in this case is to mandate consecutive sentences whenever a defendant commits multiple offenses in a separate course of conduct. He contends the trial court improperly relied upon its own personal opinion or subjective feelings in imposing the sentences. He cites certain comments made by the trial court in explaining its sentencing decision. Those comments are here placed in context and the portions to which defendant takes exception are *emphasized*:

> "My concern or my I guess concern is [the] appropriate word regarding the appropriateness of consecutive as opposed to concurrent sentences relates primarily to the fact that the defendant had twice previously been put on probationary terms for serious felony offenses. In each cause he had violated his probation relatively soon after being placed on probation. Also, the fact that the children involved in these serious criminal offenses which are unlike those prior criminal offenses, these are in essence crimes of

violence against very young people in our society related to the defendant and occurred over some period of time. *It seems to me that when crimes are committed at different times where the defendant has the opportunity to recognize the criminality of his act, has an opportunity to reflect on the impact of his crime and on particularly these young children and chooses to commit similar offenses again, it seems to me that it's appropriate to impose consecutive sentences.*" (Emphasis added.)

Defendant notes it has been held that a trial court may not base a sentence on its own subjective feelings, citing *People v. Henry* (1993), 254 Ill. App. 3d 899, 627 N.E.2d 225, in which the trial court sentenced defendant to a term of 30 years' imprisonment. In doing so, the court took into account aggravating and mitigating factors, but also informed defendant that " '[t]his is really a disgusting crime. And that's why you are given this amount of time.' " (*Henry*, 254 Ill. App. 3d at 904, 627 N.E.2d at 229.) Based upon this comment, the appellate court found that the trial court may have relied upon its own opinion of the crime, and it remanded the cause for resentencing. *Henry*, 254 Ill. App. 3d at 905, 627 N.E.2d at 229-30.

We do not find the comments made by the trial court in the instant case to be comparable to those found inappropriate in the *Henry* case. In *Henry*, the trial court gave a highly personal opinion of what defendant had done, using the term " 'disgusting' " to describe defendant's offense. (*Henry*, 254 Ill. App. 3d at 904, 627 N.E.2d at 229.) The comments of the court in the instant case were based upon evidence adduced at the first sentencing hearing. The opinion of the court regarding the appropriateness of consecutive sentences was based upon that evidence and not the subjective feelings of the court itself. The fact that the court, in making its comments, used the phrase, "[i]t seems to me," is not of great significance. In the end, every sentence is an expression of the sentencing court's opinion as to what is an appropriate disposition for the particular offender. The law vests the trial court with this discretion and, as long as that opinion is based upon the evidence and the factors identified by statute, it will not be disturbed on review. We find it reasonable for the court to view as more serious these offenses committed by defendant over a period of time during which, as the trial court noted, he had an opportunity to reflect on his actions and the adverse impact they were having on the victims. The fact that the victims were defendant's young children is also a proper focus of the trial court's attention, given the authority defendant exercised over them and the violation of trust that occurred. It was also reasonable for the trial court to consider defendant's prior criminal history, his lack of success at

completing probation opportunities, and his lack of remorse and failure to take full responsibility for what he had done. Section 5—8—4(b) of the Unified Code (730 ILCS 5/5—8—4(b) (West 1992)) allows the court to impose a consecutive sentence on a defendant, when such a sentence is deemed necessary to protect the public from further criminal conduct by the defendant. The basis for imposing consecutive sentences under this subsection is to be set forth in the record. This requirement has been held to be permissive, not mandatory. While the trial court need not recite the language of the statute, the record must show that the court was of the opinion that a consecutive term is necessary for the protection of the public. (*People v. Hicks* (1984), 101 Ill. 2d 366, 374-75, 462 N.E.2d 473, 477.) We hold that a sufficient basis was set forth in the record to support the trial court's discretionary imposition of consecutive sentences.

■ Defendant's last argument is that his sentences should be vacated because the trial court improperly considered the ages of the victims as an aggravating factor, when age is an element of the offenses. He notes that an element of each offense of which he was convicted is that the victim was under 13 years of age at the time of the offense. Because the trial court referred to the victims on more than one occasion during the sentencing hearing as "young children" or "very young people," defendant claims that the ages of the victims were improperly considered in aggravation. We disagree.

The general rule is that a trial court may not consider as an aggravating factor an element which is inherent in the offense. (See *People v. White* (1986), 114 Ill. 2d 61, 499 N.E.2d 467.) Defendant cites *People v. Edwards* (1992), 224 Ill. App. 3d 1017, 1033, 586 N.E.2d 1326, 1337, in which the defendant was convicted of aggravated criminal sexual assault. The appellate court found that, in imposing sentence, the trial court had improperly relied upon the age of the victim when it noted the victim was under 12 years of age, and that this fact provided a basis to increase the defendant's sentence. Defendant's reliance on *Edwards* is misplaced. The trial court in *Edwards* explicitly found the age of the victim to be a basis for increasing the sentence. In the instant case, the trial court did not rely upon the ages of the victims in imposing consecutive sentences. The court merely noted the victims were very young and the fact they were related to defendant. The court also noted that the offenses were unlike defendant's prior crimes, in that they were crimes of violence against very young people. Although the trial court may not consider the bare elements of the offense in aggravation, the nature and circumstances of the offense may properly be considered in imposing sentence. (See *People v. Goyer* (1994), 265 Ill. App. 3d 160, 169, 638

N.E.2d 390, 396.) The trial court was within the bounds of its discretion to consider, as it did, that the public needed protection from defendant in light of the fact that, in committing the offenses, he preyed upon the most vulnerable in society. Thus, we find no improper reliance upon the victims' ages in imposing the sentences.

Accordingly, defendant's sentences are affirmed.

Affirmed.

GREEN and STEIGMANN, JJ., concur.