THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM DUNCAN LAND, Defendant-Appellant.

Fourth District  No. 4—98—0281

Argued December 15, 1998.—Opinion filed April 15, 1999.

COOK, J., dissenting.

Daniel D. Yuhas and Matthew J. Maurer (argued), both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and James Majors (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In July 1991, a jury convicted defendant, William Duncan Land, of three counts of aggravated criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—14(b)(1)), and the trial court subsequently sentenced him to 20 years in prison on each conviction, with those sentences to run consecutively. In March 1993, this court affirmed defendant's convictions. See *People v. Land*, 241 Ill. App. 3d 1066, 609 N.E.2d 1010 (1993), *appeal denied*, 152 Ill. 2d 570, 622 N.E.2d 1218 (1993). In April 1994, defendant filed a *pro se* petition for postconviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.*

(West 1992)). In July 1994, the trial court dismissed defendant's petition as frivolous and patently without merit, pursuant to section 122—2.1 of the Act (725 ILCS 5/122—2.1 (West 1994)), and in March 1996, this court affirmed the dismissal (*People v. Land*, 278 Ill. App. 3d 1157, 699 N.E.2d 617 (1996) (unpublished order under Supreme Court Rule 23)).

In February 1998, defendant filed a second *pro se* petition for postconviction relief, alleging that the trial court erroneously sentenced him to mandatory consecutive sentences pursuant to section 5—8—4(a) of the Unified Code of Corrections (Corrections Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a) (now 730 ILCS 5/5—8—4(a) (West 1996))). The trial court subsequently found that defendant had forfeited his claim for relief by failing to raise it either on direct appeal or in his initial postconviction petition, and the court dismissed the petition as frivolous and patently without merit, pursuant to section 122—2.1 of the Act (725 ILCS 5/122—2.1 (West 1996)). Defendant appeals, and we affirm.

## I. BACKGROUND

In October 1990, the State charged defendant by indictment with three counts of aggravated criminal sexual assault for incidents involving his daughter, C.L., who was then seven years old. All three indictments alleged that the offenses occurred between January 1990 and August 3, 1990, but none included specific dates. The trial testimony showed that C.L. had lived at two residences during January 1990 through August 3, 1990, and C.L. had told investigators that the assaults had occurred at both residences. At the sentencing hearing, the trial court stated that it would not impose extended prison terms on each conviction "because of the severity of the statutory mandate for consecutive sentences" under section 5—8—4(a) of the Corrections Code (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a) (now 730 ILCS 5/5—8—4(a) (West 1996))). The court also stated, "These were indeed separate offenses that occurred at separate times, and I believe the legislature is appropriate in mandating this result." The court then sentenced defendant to three consecutive 20-year prison terms.

## II. DEFENDANT'S CLAIM THAT THE TRIAL COURT ERRONEOUSLY SENTENCED HIM TO MANDATORY CONSECUTIVE SENTENCES

### A. Defendant's Claim That He Did Not Forfeit the Claim for Relief Set Forth in the Second Petition

Defendant first argues that the trial court erred by dismissing his

second postconviction petition because "defendant has not had one complete opportunity to show a substantial denial of his constitutional rights." Specifically, he contends that fundamental fairness requires that the trial court conduct an evidentiary hearing on the petition because defendant has a severe learning disability, is unable to read or write, and "has been required to rely on other persons to read and write for him." We disagree.

■ A postconviction proceeding is not an appeal of a defendant's underlying judgment, but rather a collateral proceeding enabling the defendant to challenge a conviction or sentence for a substantial denial of constitutional rights. Determinations of a reviewing court on direct appeal are *res judicata* as to issues actually decided, and issues that could have been raised in the earlier proceeding, but were not, are deemed forfeited. *People v. Johnson*, 183 Ill. 2d 176, 186, 700 N.E.2d 996, 1001 (1998). In *People v. Erickson*, 183 Ill. 2d 213, 222-23, 700 N.E.2d 1027, 1032 (1998), the supreme court addressed the issue of successive postconviction petitions and wrote the following:

> "The [Act] contemplates the filing of only one post[ ]conviction petition, although *successive petitions may be allowed where the proceedings on the initial petition were deficient in some fundamental way.* [Citation.] The Act provides that any claim of a substantial denial of constitutional rights not raised in the original or an amended petition is waived. [Citations.] Moreover, a ruling on a post[ ]conviction petition has *res judicata* effect with respect to all claims that were raised or could have been raised in the initial petition. [Citations.]
>
> However, an exception to these procedural bars applies for claims of ineffective assistance of counsel on direct appeal. This court has held that a *defendant's failure to raise a claim of ineffective assistance of appellate counsel in his initial post[ ]conviction petition will not operate as a waiver if the defendant was represented by the same attorney on direct appeal and in his initial post[ ]conviction proceeding.* In such cases, the claim of ineffective assistance of appellate counsel may be raised for the first time in a second postconviction petition." (Emphasis added.)

In addition, the trial court's ruling on a postconviction petition will not be disturbed unless manifestly erroneous. *Johnson*, 183 Ill. 2d at 187, 700 N.E.2d at 1002.

■ In this case, defendant presented four claims of error on direct appeal before this court: (1) the trial court erred by admitting the child victim's hearsay statements; (2) the State failed to prove him guilty beyond a reasonable doubt of two of the three counts; (3) the court erred by not allowing defendant to introduce evidence that other persons had sexually abused C.L.; and (4) the court committed plain

error by failing to instruct the jury on an essential element of the offense charged. After this court affirmed his convictions, defendant filed his initial *pro se* petition for postconviction relief, alleging that he was denied effective assistance of trial and appellate counsel because (1) the record failed to establish that the grand jury returned an indictment; (2) appellate counsel refused to raise the issue of trial counsel's ineffectiveness in failing to investigate the allegedly deficient indictment; (3) trial counsel refused to allow defendant to testify at trial; and (4) appellate counsel failed to raise the issue of trial counsel's ineffectiveness in preventing defendant from testifying.

Defendant does not claim that the proceedings on his initial postconviction petition were deficient in some fundamental way—or in *any* way, for that matter. Nor does this case come within the exception set forth in *Erickson*. Even accepting defendant's contention that his second petition states the gist of a meritorious claim that his appellate counsel provided ineffective assistance of counsel, defendant was not represented by the same attorney both on direct appeal and in his initial postconviction proceeding. Thus, defendant was not somehow prevented from raising a claim of ineffective assistance of appellate counsel in his initial postconviction petition. Indeed, defendant's initial petition did contain such allegations.

Moreover, although defendant alleged in his second petition that he is unable to read or write and he only learned of the sentencing error through a law clerk at the Centralia Correctional Center, he does not show (or even claim) that he could not have learned of the sentencing error prior to filing his initial postconviction petition in April 1994. (The decision of the supreme court upon which defendant primarily relied to support his claim for relief in the second petition, *People v. Bole*, 155 Ill. 2d 188, 613 N.E.2d 740 (1993), was issued on April 15, 1993, a full year prior to defendant's filing his initial postconviction petition.)

In our judgment, defendant had " 'one complete opportunity to show a substantial denial of his constitutional rights' " during the proceedings on his initial postconviction petition. See *People v. Free*, 122 Ill. 2d 367, 376, 522 N.E.2d 1184, 1188 (1988), quoting *People v. Logan*, 72 Ill. 2d 358, 370, 381 N.E.2d 264, 270 (1978). Thus, we conclude that defendant has forfeited his claim for relief based upon the trial court's erroneous imposition of mandatory consecutive sentences.

### B. Defendant's Claim That the Sentences Imposed by the Trial Court Are Void

Defendant nonetheless argues that because the trial court errone-

ously imposed consecutive sentences under the belief that it was required to do so under section 5—8—4(a) of the Corrections Code (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a) (now 730 ILCS 5/5—8—4(a) (West 1996))), those sentences are void. Defendant thus contends that the claim for relief based upon the court's erroneous imposition of mandatory consecutive sentences is not subject to forfeiture. We disagree.

■■ "A void judgment is one entered by a court without jurisdiction of the parties or the subject matter or that lacks 'the inherent power to make or enter the particular order involved.' " *People v. Wade*, 116 Ill. 2d 1, 5, 506 N.E.2d 954, 955 (1987), quoting *R.W. Sawant & Co. v. Allied Programs Corp.*, 111 Ill. 2d 304, 309, 489 N.E.2d 1360, 1363 (1986). In this case, the trial court had jurisdiction over both the parties and subject matter regarding criminal matters. In addition, the trial court, within its discretion, *could have imposed* consecutive sentences pursuant to section 5—8—4(b) of the Corrections Code had it believed such sentences were necessary to protect the public. See Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(b) (now 730 ILCS 5/5—8—4(b) (West 1996)). Thus, regardless of whether the court erroneously imposed mandatory consecutive sentences, it did not lack "the inherent power to make or enter the particular order involved," and the sentencing order here was not void.

Accordingly, because defendant has forfeited his claim for relief by failing to raise it either on direct appeal or in his initial postconviction petition, we hold that the trial court did not err by dismissing defendant's second postconviction petition.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

GARMAN, J., concurs.

JUSTICE COOK, dissenting:

I respectfully dissent. I would reverse and remand for resentencing.

A sentence that does not conform to a statutory requirement is void and may be corrected at any time. *People v. Arna*, 168 Ill. 2d 107, 113, 658 N.E.2d 445, 448 (1995). The supreme court and this court have not hesitated to reverse and remand cases where the trial court has erroneously sentenced a defendant to *concurrent* sentences, where the statute mandates consecutive sentences. *Arna*, 168 Ill. 2d at 113,

658 N.E.2d at 448; *People v. Childs*, 278 Ill. App. 3d 65, 78, 662 N.E.2d 161, 169 (1996). That is done despite rules that limit the State's right to appeal and prohibit the appellate court from increasing a defendant's sentence on review. *Arna*, 168 Ill. 2d at 113, 658 N.E.2d at 448. The majority now holds that these rulings only work in one direction, and that where a trial court has erroneously sentenced a defendant to mandatory *consecutive* sentences, which are in fact not mandated by the statute, defendant forfeits his claim if he does not raise it on direct appeal or in his initial postconviction petition.

The majority tells us this judgment was not void because the trial court had jurisdiction over both the parties and subject matter regarding criminal matters. The trial court's general powers are irrelevant, however, where its specific powers have been limited by statute. *In re T.E.*, 85 Ill. 2d 326, 333, 423 N.E.2d 910, 913 (1981). The majority also tells us the trial court could have imposed discretionary consecutive sentences. The trial court, however, did not do so, and the only question before us is whether these mandatory consecutive sentences can stand when the court did not have the statutory authority to impose mandatory consecutive sentences.

It is not clear that the trial court would have sentenced defendant to discretionary consecutive sentences. The trial court never made a finding that consecutive sentences were necessary to protect the public from further criminal conduct by the defendant. See Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(b) (now 730 ILCS 5/5—8—4(b) (West 1996)). The trial court stated it would not give defendant the maximum sentence on each count because of defendant's lack of education and severe learning disability.

Where a defendant is convicted of multiple offenses, one of which is a violation of section 12—14, consecutive sentences are mandatory only where they are "committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective." Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a) (now 730 ILCS 5/5—8—4(a) (West 1996)); *Bole*, 155 Ill. 2d at 194, 613 N.E.2d at 743. The trial court clearly believed these offenses were committed at separate times, and not as part of a single course of conduct. The jury sent out a note asking why two of the indictments were identical; the trial court responded that was because the State had alleged the defendant committed the same criminal act on two separate occasions during the time period alleged. During sentencing the trial court referred to "the statutory mandate for consecutive sentences" and noted "these were indeed separate offenses that occurred at separate times."

We should not be critical of defendant (or of the trial court) for

failing to appreciate the nuances of section 5—8—4(a), when we have had so much trouble with that section ourselves. See *People v. Ewald*, 210 Ill. App. 3d 7, 10, 568 N.E.2d 451, 453 (1991); *People v. Carter*, 272 Ill. App. 3d 809, 651 N.E.2d 248 (1995). Viewed charitably, the section is "something of an anomaly." *Bole*, 155 Ill. 2d at 198, 613 N.E.2d at 745. Speaking more directly, it is intolerable that the question whether defendant should serve 20 years or 60 years should depend on so uncertain an analysis.

The three indictments in this case alleged the offenses occurred between January and August 3, 1990, but none included specific dates. Given the importance of whether the three offenses were committed separately or as a part of a single course of conduct, the allegations and the proof should have made that clear. Absent allegations and proof that defendant committed the offenses as a part of a single course of conduct, mandatory consecutive sentences are impermissible.

We should be concerned when a defendant is not sentenced in accordance with the intent of the legislature, an occurrence with constitutional overtones. We should endeavor to protect the integrity of the judicial system in this case and not be too ready to deprive defendant of his one chance to raise the issue. See *People v. Gard*, 158 Ill. 2d 191, 204-05, 632 N.E.2d 1026, 1032-33 (1994) (plain error).

The trial court may be limited in what it may do on remand. See W. LaFave & J. Israel, Criminal Procedure § 26.7(c) (2d ed. 1992); see also *People v. Kilpatrick*, 167 Ill. 2d 439, 445, 657 N.E.2d 1005, 1008 (1995) (defendant's sentence may not be increased on remand even though total number of years remained unchanged); *cf. People v. Garcia*, 179 Ill. 2d 55, 688 N.E.2d 57 (1997). Nevertheless, I would reverse and remand for resentencing.