THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FREDDIE TILLER, Defendant-Appellant.

Fifth District    No. 5—04—0127

Opinion filed October 20, 2005.

Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and T. David Purcell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOPKINS delivered the opinion of the court:

The defendant, Freddie Tiller, appeals from the summary dismissal of his *pro se* petition for *habeas corpus* relief pursuant to article VI, section 6, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. VI, § 6) and Supreme Court Rules 602, 603, and 606(a) and (b) (134 Ill. 2d Rs. 602, 603; 188 Ill. 2d Rs. 606(a), (b)). We affirm.

## FACTS

In 1979, the defendant was convicted of two counts of murder, two counts of armed violence, and two counts of armed robbery, and he was sentenced to death. The Illinois Supreme Court vacated the death sentences and remanded for resentencing. *People v. Tiller*, 94 Ill. 2d 303 (1982). Additionally, the court reversed one armed violence convic-

tion, vacated the other armed violence conviction, and reversed one armed robbery conviction.

On July 27, 1983, the defendant was resentenced to natural-life imprisonment on each of the murder convictions and 30 years' imprisonment on the armed robbery conviction. On appeal, this court reversed the natural-life sentences and remanded for resentencing. *People v. Tiller*, 130 Ill. App. 3d 549 (1984).

The defendant was resentenced to two consecutive 40-year terms of imprisonment on the two murder convictions. On August 27, 1987, this court affirmed the defendant's consecutive sentences. *People v. Tiller*, 158 Ill. App. 3d 1106 (1987) (unpublished order under Supreme Court Rule 23 (107 Ill. 2d R. 23)). Between 1991 and 2000, the defendant filed three postconviction petitions and a *habeas corpus* petition, all of which the circuit court dismissed. On September 12, 2003, the defendant filed a second *habeas corpus* petition and an amended *habeas corpus* petition. On January 8, 2004, the circuit court dismissed the defendant's cause of action. The defendant filed a timely notice of appeal.

## ANALYSIS

On appeal, the only issue is whether the circuit court erred in summarily dismissing the defendant's *habeas corpus* petition. We affirm.

A dispute exists among the districts of this court regarding whether a circuit court may *sua sponte* summarily dismiss a defendant's postjudgment petition under section 2—1401 of the Illinois Code of Civil Procedure (735 ILCS 5/2—1401 (West 2002)). The Second and Third Districts have held that a circuit court commits reversible error by dismissing a section 2—1401 petition without giving the defendant notice and an opportunity to respond to the circuit court's action and that the appellate court could not look beyond this error to assess the merits of the petition. *People v. Coleman*, 358 Ill. App. 3d 1063, 1071 (3d Dist. 2005); *People v. Mescall*, 347 Ill. App. 3d 995 (2d Dist. 2004); *People v. Pearson*, 345 Ill. App. 3d 191 (2d Dist. 2003), *aff'd on other grounds*, 216 Ill. 2d 58 (2005); *People v. Gaines*, 335 Ill. App. 3d 292 (2d Dist. 2002); see *People v. Winfrey*, 347 Ill. App. 3d 987, 989 (2d Dist. 2004) (relied on *Gaines* and *Pearson* to find that the circuit court could not summarily dismiss a *habeas corpus* petition); *People v. Shellstrom*, 345 Ill. App. 3d 175, 176-79 (2d Dist. 2003) (determined that a summary dismissal of a *mandamus* petition was improper), *aff'd on other grounds*, 216 Ill. 2d 45 (2005).

However, the Fourth District has come to the opposite conclusion, finding that a circuit court has the inherent authority to dismiss a sec-

tion 2—1401 petition *sua sponte* if the court finds that the petition is frivolous and without merit. *People v. Bramlett*, 347 Ill. App. 3d 468, 472-73 (4th Dist. 2004); see *Mason v. Snyder*, 332 Ill. App. 3d 834, 839-43 (4th Dist. 2002) (determined that a summary dismissal of a *mandamus* petition was proper).

Some divisions of the First District have determined that a *sua sponte* dismissal of a section 2—1401 petition is appropriate. *People v. Schrader*, 353 Ill. App. 3d 684 (1st Dist., 3d Div. 2004) (determined that a summary dismissal of a section 2—1401 petition was proper where it raised only a pure question of law and that the circuit court had applied that law and determined that the challenge was frivolous and without merit); *People v. Taylor*, 349 Ill. App. 3d 718 (1st Dist., 4th Div. 2004) (determined that a *sua sponte* dismissal of the section 2—1401 petition was proper and stated that it was allowed to look beyond a procedural defect where the defendant's petition raised a pure question of law, was frivolous, and was without merit, and no prejudice resulted from the dismissal); see *People v. Carroll*, 351 Ill. App. 3d 972 (1st Dist., 6th Div. 2004) (determined that a summary denial of a *habeas corpus* petition was proper); *Owens v. Snyder*, 349 Ill. App. 3d 35 (1st Dist., 2d Div. 2004) (determined that a summary dismissal of a *mandamus* petition was proper where it was frivolous and the defendant was not prejudiced).

Other divisions of the First District have determined that it is unfair to a defendant, when faced with the proposed dismissal of his section 2—1401 petition, to be deprived of notice and an opportunity to respond. However, the courts ultimately determined that where the defects are patently incurable, it is harmless error to summarily dismiss the petition. *People v. Anderson*, 352 Ill. App. 3d 934 (1st Dist., 1st Div. 2004); *People v. Dyches*, 355 Ill. App. 3d 225 (1st Dist., 6th Div. 2005).

We agree with the Fourth District's reasoning in *Mason*, 332 Ill. App. 3d at 842, where the court determined that a circuit court has the authority to examine a *mandamus* petition and strike it *sua sponte* if the court finds that the petition is frivolous and without merit. The *Mason* court specifically noted, "[T]he trial courts, which have the inherent authority to control their courtrooms and their dockets, have the corollary authority to utilize their discretion in dealing with 'professional litigants' who inappropriately burden the court system with nonmeritorious litigation, stemming from their unhappiness as [Department of Corrections] inmates." *Mason*, 332 Ill. App. 3d at 842. We note that the circuit court's inherent power to protect itself from frivolous and vexatious litigation has been recognized in other contexts. See *Ronwin v. Piper, Jaffray & Hopwood, Inc.*, 113 Ill. App.

3d 687, 693 (1983); *Patterson v. Northern Trust Co.*, 286 Ill. 564, 567 (1919). Additionally, the circuit court has the authority to *sua sponte* dismiss proceedings that fail to present a recognizable cause of action. See *Rhodes v. Mill Race Inn, Inc.*, 126 Ill. App. 3d 1024, 1028 (1984).

Like *mandamus, habeas corpus* petitions are very limited. *Habeas corpus* relief can be utilized only to release a prisoner who has been incarcerated under a judgment of an original circuit court that lacked jurisdiction of the subject matter or the person of the defendant or where there has been some occurrence subsequent to the prisoner's conviction which entitles the prisoner to release. *People ex rel. Shelley v. Frye*, 42 Ill. 2d 263 (1969).

In the instant case, based on the specific allegations of the petition, the defendant has not set forth a meritorious *habeas corpus* claim. His petition challenged the nature of his sentences. *Habeas corpus* is not an available remedy to review errors of a nonjurisdictional nature. *People ex rel. Harper v. Brantley*, 34 Ill. App. 3d 807, 809 (1975). Additionally, nothing in the defendant's petition alleges a claim that he is otherwise entitled to a discharge. See *People ex rel. Johnson v. Pate*, 47 Ill. 2d 172, 174 (1970) (*habeas corpus* is not available to a defendant not entitled to a final discharge).

Moreover, even though this is not a case under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 2002)), section 122—2.1(a)(2) of the Act (725 ILCS 5/122—2.1(a)(2) (West 2002)) allows the dismissal of a postconviction petition that is frivolous or patently without merit before appointing counsel and allowing the State to respond. Courts have held that this procedure does not violate the petitioner's due process rights because it gives the petitioner an adequate opportunity to be heard. *People v. Ross*, 139 Ill. App. 3d 674, 682 (1985); *People v. Baugh*, 132 Ill. App. 3d 713, 717 (1985). Likewise, we believe that the *sua sponte* dismissal of the defendant's *habeas corpus* petition in the instant case was proper.

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's summary dismissal of the defendant's *habeas corpus* petition.

Affirmed.

WELCH and CHAPMAN, JJ., concur.